**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Avenue
Tucson, AZ 85701,

        Plaintiff,

        v.

U.S. ARMY CORPS OF ENGINEERS,
441 G Street NW
Washington, DC 20314-1000,

        and

U.S. CUSTOMS AND BORDER
PROTECTION,
1300 Pennsylvania Ave. NW
Washington, DC 20229,

        Defendants.

Case No:  1:17-cv-1037

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.     The Center for Biological Diversity ("Center")—an environmental conservation

organization that works to protect native wildlife species and their habitats—challenges the

failure of the U.S. Army Corps of Engineers and U.S. Customs and Border Protection to provide

records of the agencies' briefings to the Trump Administration Transition Team regarding the

walls, barriers, or other physical constructions along the U.S.-Mexico border or U.S.-Canada

border ("Border Wall"), in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as

amended* ("FOIA" or "Act"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§

701-06 ("APA").

2.      Throughout his presidential campaign, Donald Trump promised that, if elected, he would ensure that building a wall on the border of the United States and Mexico would be a top priority within his first 100 days.  After he was elected, many news media outlets reported about the then President-elect's plans to fulfill his campaign promise and build a U.S.-Mexico Border Wall.  Just before his inauguration, the media reported that the Presidential Transition Team was meeting with the U.S. Army Corps of Engineers ("Army Corps") and the U.S. Department of the Interior to discuss plans to construct the Border Wall.

3.      The U.S.-Mexico borderlands contain numerous areas of protected federal land, provides habitat for many threatened and endangered species, and is bisected by several major rivers that include the San Pedro and Rio Grande.

4.      The Center filed requests with each of the defendants pursuant to FOIA seeking records that include the information that defendants provided to the Trump Transition Team, including information about how the primary agencies that have jurisdiction over construction of a Border Wall acted in response to President Trump's promise to build a continuous U.S.-Mexico Border Wall.

5.      Although both defendants acknowledged the Center's requests, neither has provided any responsive records or stated when they might do so.

6.      Defendants are unlawfully withholding the records by failing to search for and provide all responsive records to the Center.  The defendants' failure to search for and release all records related to the Trump Transition Team's briefings about the Border Wall is contrary to FOIA and undermines FOIA's policy of government transparency.

7.      Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that defendants are in violation of FOIA,

or alternatively, the APA.  The Center also seeks injunctive relief directing defendants to provide it with responsive records without any further delay.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

9.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, because a portion of the responsive records may be found in this district.

10.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

11.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.  The Center and its members are harmed by defendants' violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, decisions, priorities, and communications related to the Border Wall.

13.     Defendant U.S. ARMY CORPS OF ENGINEERS ("Army Corps") is an agency within the U.S. Department of Defense of the executive branch of the U.S. government.  The Army Corps is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

14.     Defendant U. S. CUSTOMS AND BORDER PROTECTION ("CBP") is an agency within the U.S. Department of Homeland Security ("Homeland Security") of the executive branch of the U.S. government.  CBP is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

15.     FOIA's basic purpose is government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

16.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

17.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

18.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

19.     First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A).

20.     Second, an agency may extend the 20-working-day deadline for an additional 10-working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, which also requires that it provide the date by which the agency expects to make the determination.  *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.*

21.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

22.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

23.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions.  *Id.* § 552(b).  These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

24.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

25.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### Army Corps FOIA Request

26.     On January 20, 2017, the Center submitted a FOIA request to the Army Corps, requesting "all records from the U.S. Army Corps of Engineers … that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S. Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives."

27.     On April 18, 2017, after receiving no acknowledgement or any other correspondence from the Army Corps confirming that the agency had received the Center's January 20, 2017 FOIA request, the Center sent a letter notifying the Army Corps that it had violated FOIA and offering to assist the agency in its efforts to respond to the Center's FOIA request.

28.     In response to the Center's letter of April 18, 2017, the Army Corps' Damon Roberts emailed the Center requesting that the Center send him a copy of the original FOIA request letter of January 20, 2017.

29.     On April 25, 2017, the Army Corps acknowledged the Center's request and assigned it tracking number FP-17-016933 ("Army Corps FOIA Request").

30.     A determination on the Center's Army Corps FOIA Request was due by May 23, 2017, which is 20 business days after the date of the Army Corps' acknowledgement of the request.

31.     As of the date of the filing of this complaint, which is eight days past the 20 business day deadline, the Army Corps has not requested additional time to respond, provided any responsive records, or provided a determination in response to the Center's FOIA request.

### Homeland Security FOIA Request

32.     On January 24, 2017, the Center submitted a FOIA request to Homeland Security, requesting "all records from the U.S. Department of Homeland Security … that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S. Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives."

33.     On January 25, 2017, Homeland Security sent an email requesting that the Center resubmit its FOIA request in the body of the email because the agency has a policy of not opening email attachments.

34.     That same day, on January 25, 2017, the Center resubmitted its FOIA request pasted into the body of an email to Homeland Security.

35.     On April 5, 2017, after receiving no acknowledgement or other correspondence from Homeland Security confirming that the agency had received the Center's January 25, 2017 FOIA request, the Center emailed the Homeland Security FOIA officer to ensure that the agency received the request and asking if the agency needed more information from the Center.

36.     After receiving no response to its April 5, 2017 email, the Center again
resubmitted its FOIA request pasted into the body of an email to Homeland Security on April 18,
2017.

37.     The next day, on April 19, 2017, Homeland Security acknowledged the Center's
request and assigned it tracking number 2017-HQFO-00669 ("Homeland Security FOIA
Request").  Homeland Security also took a 10-working-day extension pursuant to 5 U.S.C. §
552(a)(6)(B).

38.     Then on April 21, 2017, Homeland Security sent an email apologizing to the
Center for their delayed response and informing the Center that the agency had "technical
difficulties" and did not see the Center's emails until that day.  Homeland Security also informed
the Center that it transferred the request to the CBP FOIA office.

39.     On May 30, 2017, Homeland Security sent a final response to the Center's
Homeland Security FOIA Request.  In its final response letter, Homeland Security stated that
"[i]nformation responsive to your request can be accessed online at:
https://www.dhs.gov/publication/presidential-transition-records accessed on May 25, 2017.
Pursuant to 5 U.S.C. § 552 (a)(1) and (a)(2), DHS need not make available under FOIA records
that are publicly available."  The linked records are heavily redacted, and they do not appear to
be responsive to the Center's Homeland Security FOIA Request.  The Center is pursuing an
administrative appeal of Homeland Security's final response.

## CBP FOIA Request

40.     By email dated April 21, 2017, Homeland Security notified the Center that it had
transferred to CBP the Center's FOIA request for "all records from the U.S. Department of
Homeland Security … that reference walls, barriers, and/or other physical constructions along

the U.S.-Mexico border and/or U.S. Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives."

41.     On April 26, 2017, the Center received an automated confirmation that its FOIA request was submitted to CBP, and the agency assigned it tracking number CBP-2017-051925 ("CBP FOIA Request").  CBP also said that "[c]urrently, the average time to process a FOIA request related to 'travel/border incidents' is a minimum of 3-6 months."

42.     A determination on the Center's FOIA request to CBP was due by May 24, 2017, which is 20 business days after the date of CBP's acknowledgement of the request.

43.     As of the date of the filing of this complaint, which is seven days past the 20 business day deadline, CBP has not requested additional time to respond, provided any responsive records, or provided a determination in response to the Center's FOIA request.

### All Requests

44.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the Center's FOIA requests.  *Id.* § 552(b).

45.     The Center has been required to expend resources to prosecute this action.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Comply with FOIA's Mandatory Determination Deadline

### COUNT ONE:  The Army Corps Missed FOIA's Mandatory Determination Deadline for the Center's Army Corps FOIA Request Number FP-17-016933

46.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47.     The Army Corps has violated FOIA by refusing to disclose records that are responsive to the Center's Army Corps FOIA Request.

48.     The Center has a statutory right to a lawful final determination from the Army Corps on the Center's Army Corps FOIA Request in a manner that complies with FOIA.  The Army Corps has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

49.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

50.     The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's disclosure provisions as it has in this case.

51.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Army Corps will continue to violate Plaintiff's rights to receive public records under FOIA.

**COUNT TWO:  CBP Missed FOIA's Mandatory Determination Deadline for the Center's FOIA Request Number CBP-2017-051925**

52.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53.     CBP has violated FOIA by refusing to disclose records that are responsive to the Center's CBP FOIA Request.

54.     The Center has a statutory right to a lawful final determination from CBP on its CBP FOIA Request in a manner that complies with FOIA.  CBP has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

55.     The Center's organizational activities will be adversely affected if CBP is allowed to continue violating FOIA's decision deadlines as it has in this case.

56.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CBP will continue to violate the Center's rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Disclose All Responsive Records to the Center**

**COUNT ONE:  The Army Corps Has Unlawfully Withheld Records Responsive to the Center's Army Corps FOIA Request**

57.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

58.     The Center has a statutory right to the records it seeks, and there is no legal basis for the Army Corps to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

59.     The Army Corps has violated the Center's rights in this regard by withholding records that are responsive to the Center's Army Corps FOIA Request.

60.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to the Army Corps in the foreseeable future.

61.     The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's disclosure provisions as it has in this case.

62.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**COUNT TWO:  CBP Has Unlawfully Withheld Records Responsive to FOIA Request Number CBP-2017-051925**

63.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

64.     The Center has a statutory right to the records it seeks, and there is no legal basis for CBP to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

65.     CBP has violated the Center's rights in this regard by withholding records that are responsive to the Center's CBP FOIA Request.

66.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in FOIA requests to CBP in the foreseeable future.

67.     The Center's organizational activities will be adversely affected if CBP continues to violate FOIA's disclosure provisions as it has in this case.

68.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CBP will continue to violate the Center's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Conduct an Adequate Search for Responsive Records**

**COUNT ONE:  The Army Corps Has Failed to Conduct an Adequate Search for All Records Responsive to FOIA Request Number FP-17-016933**

69.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

70.     The Center has a statutory right to have the Army Corps process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Army Corps violated the Center's rights in this regard when it unlawfully failed to undertake a search that is

reasonably calculated to locate all records that are responsive to the Center's Army Corps FOIA Request.

71.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

72.     The Center's organizational activities will be adversely affected if the Army Corps continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

73.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**COUNT TWO:  CBP Has Failed to Conduct an Adequate Search for All Records Responsive to FOIA Request Number CBP-2017-051925**

74.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

75.     The Center has a statutory right to have CBP process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  CBP violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's CBP FOIA Request.

76.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to CBP in the foreseeable future.

77.     The Center's organizational activities will be adversely affected if CBP continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

78.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CBP will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

**COUNT ONE:  The Army Corps Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records**

79.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

80.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

81.     The Army Corps violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's Army Corps FOIA Request.

82.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Army Corps in the foreseeable future.

83.     The Center's organizational activities will be adversely affected if the Army Corps is allowed to continue violating FOIA's disclosure provisions as it has in this case.

84.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Army Corps will continue to violate the Center's rights to receive public records under FOIA.

**COUNT TWO:  CBP Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records**

85.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

86.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

87.    CBP violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's CBP FOIA Request.

88.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to CBP in the foreseeable future.

89.    The Center's organizational activities will be adversely affected if CBP is allowed to continue violating FOIA's disclosure provisions as it has in this case.

90.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, CBP will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**
**Unlawfully Withheld or Unreasonably Delayed Actions that FOIA Requires**

**COUNT ONE:  The Army Corps Withheld or Unreasonably Delayed Actions that FOIA Requires**

91.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92.    The Army Corps unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to the Center's Army Corps FOIA Request; (2) make a timely and lawful

determination on the Center's Army Corps FOIA Request; (3) conduct a search that is

reasonably calculated to locate all responsive records to the Center's Army Corps FOIA Request;

(4) provide the Center with records that are responsive to the Center's Army Corps FOIA

Request that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and

(5) provide the Center with all reasonably segregable portions of responsive records to the

Center's Army Corps FOIA Request in the event that records may be subject to an exemption.

The Army Corps' failures constitute agency actions that are unlawfully withheld, and therefore,

these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

93.     Alternatively, the Army Corps unreasonably delayed agency action by failing to

comply with the mandates of FOIA consequent to its failure and refusal:  (1) to search for and

disclose records that are responsive to the Center's Army Corps FOIA Request; (2) to make a

timely and lawful determination on the Center's Army Corps FOIA Request; (3) to conduct a

search that is reasonably calculated to locate all records that are responsive to the Center's Army

Corps FOIA Request; (4) provide the Center with records that are responsive to the Center's

Army Corps FOIA Request that may not be withheld pursuant to any of FOIA's narrowly

construed exemptions to mandatory disclosure; and (5) to provide the Center with reasonably

segregable portions of records responsive to the Center's Army Corps FOIA Request which

contain any material that may be lawfully withheld under an exemption(s).  The Army Corps'

failures constitute agency action unreasonably delayed and therefore actionable pursuant to the

APA, 5 U.S.C. § 706(1).

94.     As alleged above, the Army Corps' failure to comply with the mandates of FOIA

has injured the Center's interests in public oversight of governmental operations and is in

violation of its statutory duties under the APA.

95.     The Center has suffered a legal wrong as a result of the Army Corps' failure to comply with the mandates of FOIA.  As alleged above, the Army Corps violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

96.     The Center has no other adequate remedy at law to redress the violations noted above.

97.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT TWO:  CBP Withheld or Unreasonably Delayed Actions that FOIA Requires**

98.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

99.     CBP unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) search for and disclose records that are responsive to the Center's CBP FOIA Request; (2) make a timely and lawful determination on the Center's CBP FOIA Request; (3) conduct a search that is reasonably calculated to locate all responsive records to the Center's CBP FOIA Request; (4) provide the Center with records that are responsive to the Center's CBP FOIA Request that are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (5) provide the Center with all reasonably segregable portions of responsive records to the Center's CBP FOIA Request in the event that records may be subject to an exemption.  CBP's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

100.     Alternatively, CBP unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal:  (1) to search for and disclose records that are responsive to the Center's CBP FOIA Request; (2) to make a timely and lawful

determination on the Center's CBP FOIA Request; (3) to conduct a search that is reasonably

calculated to locate all records that are responsive to the Center's CBP FOIA Request; (4)

provide the Center with records that are responsive to the Center's CBP FOIA Request that may

not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory

disclosure; and (5) to provide the Center with reasonably segregable portions of records

responsive to the Center's CBP FOIA Request which contain any material that may be lawfully

withheld under an exemption(s).  CBP's failures constitute agency action unreasonably delayed

and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

101.    As alleged above, CBP's failure to comply with the mandates of FOIA has injured

the Center's interests in public oversight of governmental operations and is in violation of its

statutory duties under the APA.

102.    The Center has suffered a legal wrong as a result of CBP's failure to comply with

the mandates of FOIA.  As alleged above, CBP violated its statutory duties under the APA and

injured the Center's interests in public oversight of governmental operations.

103.    The Center has no other adequate remedy at law to redress the violations noted

above.

104.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Eighth Claims)
### Violations of FOIA's Requirements Are Arbitrary, Capricious,
### an Abuse of Discretion, or Otherwise Not in Accordance with Law

**COUNT ONE:  The Army Corps' Violations of FOIA are Arbitrary, Capricious, an Abuse
of Discretion, or Otherwise Not in Accordance with Law**

105.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

106.     The Army Corps violated FOIA's statutory mandates due to its failure and refusal to (1) search for and disclose records that are responsive to the Center's Army Corps FOIA Request; (2) make a timely and lawful determination on the Center's Army Corps FOIA Request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the Center's Army Corps FOIA Request; (4) provide the Center with records that are responsive to the Center's Army Corps FOIA Request which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the Center's Army Corps FOIA Request which contain any material that may be withheld lawfully under an exemption(s). By repeatedly violating FOIA's statutory mandates, the Army Corps' actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

107.     As alleged above, the Army Corps' repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

108.     The Center has suffered a legal wrong as a result of the Army Corps' failure to comply with the mandates of FOIA.  As alleged above, the Army Corps violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

109.     The Center has no other adequate remedy at law to redress the violations noted above.

110.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

**COUNT TWO:  CBP's Violations of FOIA are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

111.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

112.    CBP violated FOIA's statutory mandates due to its failure and refusal to (1) search for and disclose records that are responsive to the Center's CBP FOIA Request; (2) make a timely and lawful determination on the Center's CBP FOIA Request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the Center's CBP FOIA Request; (4) provide the Center with records that are responsive to the Center's CBP FOIA Request which may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the Center's CBP FOIA Request which contain any material that may be withheld lawfully under an exemption(s).  By repeatedly violating FOIA's statutory mandates, CBP's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

113.    As alleged above, CBP's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

114.    The Center has suffered a legal wrong as a result of CBP's failure to comply with the mandates of FOIA.  As alleged above, CBP violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

115.    The Center has no other adequate remedy at law to redress the violations noted above.

116.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.      Order Defendants to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA Requests, numbers FP-17-016933 and CBP-2017-051925, with the cut-off date for such searches being the date that the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.      Declare that Defendants' failures to timely make determinations on Plaintiff's FOIA Requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A), or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

3.      Declare that Defendants' failures to properly apply FOIA exemptions, 5 U.S.C. § 552(b), are unlawful under FOIA, or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.      Declare that Defendants' failures to undertake a search for and disclose to Plaintiff  all records that are responsive to Plaintiff's FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

5.      Declare that Defendants' failures to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, are

unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, are agency actions that have

been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary,

capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412.

7.      Grant such other and further relief as the Court may deem just and proper.


DATED: May 31, 2017                     Respectfully submitted,


                                        */s/ Amy R. Atwood*
                                        Amy R. Atwood (D.C. Bar No. 470258)
                                        Center for Biological Diversity
                                        P.O. Box 11374
                                        Portland, OR 97211-0374
                                        (971) 717-6401
                                        atwood@biologicaldiversity.org

                                        */s/ Margaret E. Townsend*
                                        Margaret E. Townsend (OR Bar No. 144463)
                                        *Pro hac vice admission pending*
                                        Center for Biological Diversity
                                        P.O. Box 11374
                                        Portland, OR 97211-0374
                                        (971) 717-6409
                                        mtownsend@biologicaldiversity.org

                                        *Attorneys for Plaintiff*