IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS, and<br>U.S. CUSTOMS AND BORDER<br>PROTECTION,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-1037-EGS |

**PLAINTIFF'S COMBINED STATUS REPORT AND
MOTION TO SET BRIEFING SCHEDULE**

　　　　Plaintiff Center for Biological Diversity ("Center"), by and through the undersigned counsel, files this combined status report and motion to set a briefing schedule pursuant to the Court's August 29, 2017 Order in this Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), case concerning the Center's request for all records "that reference walls, barriers, and/or physical constructions along the U.S.-Mexico border and/or U.S.-Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives." The Parties conferred and attempted but were ultimately unable to agree on a joint status report and proposed schedule. Plaintiff therefore respectfully reports to the Court as follows:

　　　　1.　　Plaintiff agrees with and incorporates the factual assertions set forth in paragraphs 1-2 of Defendants' status report.

　　　　2.　　In its Minute Order of August 29, 2017, the Court ordered the Parties to prepare and file a joint status report.

3. The Center was not able to agree to the Defendants' proposed disclosure schedule. *See* ECF No. 13. Defendants did not provide sufficient information about their administration of Plaintiff's FOIA requests, which are now more than 165 days overdue, such that Plaintiff could determine whether Defendants' proposed schedule is reasonable.

4. Specifically, Plaintiff was not able to learn from Defendants' counsel how many records Defendant U.S. Customs and Border Protection ("CBP") will be expected to provide to Plaintiff in total under Defendants' proposed disclosure schedule, or how long the disclosure schedule will last under the proposal. Ex. A. Defendants' counsel also was not able to inform Plaintiff as to when CBP might complete its ongoing search for records, or how many records CBP has located to date. *Id.*; Ex. B.

5. In addition, in the course of conferring on these issues, Defendants' counsel informed the undersigned that an October 31, 2017 letter from Defendants U.S. Army Corps of Engineers ("Army Corps") to the Center serves as the Army Corps's final determination in response to the Plaintiff's request to that agency. *Id.*; Ex. C.[1] Through that letter, the Army Corps withheld 695 pages of records in their entirety and redacted an unspecified number of records pursuant to FOIA Exemption 5, Exemption 6, and Exemption 7(E), without providing: a detailed description of the records withheld or redacted and the FOIA exemptions invoked; an explanation of why each exemption applies to the records; and the identities, positions, and job duties of the authors and recipients of the withheld records. Ex. C. Defendants' counsel informed the undersigned that such information would only be obtained from Defendants during summary judgment briefing, but Defendants' counsel would not agree to develop a proposed

---

[1] The Army Corps's October 31, 2017, letter does not state that it is a final determination, does not explain the basis for the determination, and provides no appeal rights. *See* 32 C.F.R. § 518.16(i)(2) – (6).

summary judgment briefing schedule with the undersigned. Ex. B. Defendants' counsel would only state that a schedule for summary judgment briefing would be appropriate at some future time when the CBP finishes processing Plaintiff's FOIA request. Ex. D. Yet, Defendants will not specify when that time may come.

6. Plaintiff does not take blithely the Court's direction that the Parties inform the Court as to the status of this matter jointly, including (1) the status of Plaintiff's FOIA request; (2) the anticipated number of records responsive to Plaintiff's FOIA request; (3) the anticipated date(s) for release of records responsive to Plaintiff's FOIA request; and if necessary, a jointly proposed schedule for further proceedings. Standing FOIA Order of Hon. Emmet G. Sullivan; Minute Order of August 29, 2017. Yet Plaintiff's ability to determine the reasonableness of, and to sign on to, a schedule for disclosure of records proposed by Defendants is compromised without the basic information that Plaintiff requested from Defendants but could not obtain.

7. Thus, Plaintiff does not directly dispute any of the factual characterizations in Defendants' status report, *but see infra* at ¶ 9 (seeking different deadline for next status report), but rather respectfully submits that it simply lacks pertinent information necessary to jointly propose a schedule in this matter, as the Court directed the Parties to provide.

8. To move this matter forward, it would be most economical to set a summary judgment briefing schedule, such as that set forth below, and including an initial deadline for the Army Corps to produce a *Vaughn* index as to its record withholdings and redactions, and a declaration describing the agency's searches, to afford the Parties the opportunity to narrow the issues to be briefed for the Court:

| | |
|---|---|
| November 30, 2017 | Army Corps to provide *Vaughn* index and declaration describing searches to the Center |
| January 31, 2018 | Army Corps' Cross-Motion for Summary Judgment |

| | |
|---|---|
| February 28, 2018 | Center's Cross-Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment |
| March 28, 2018 | Army Corps's Opposition and Reply |
| April 25, 2018 | Center's Reply |

Counsel for Defendants has indicated that Defendants oppose this request.

9. Furthermore, to continue to move this matter forward toward resolution, Plaintiff respectfully requests that the Court order the Parties to file a joint status report on or before December 7, 2017, to update the Court about the Parties' efforts to narrow the issues with the Army Corps's and CBP's processing of Plaintiff's FOIA requests. *See* Proposed Order. Counsel for Defendants has indicated that Defendants oppose this request.

Dated: November 7, 2017                    Respectfully submitted,

*/s/ Amy R. Atwood*
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

*/s/ Margaret E. Townsend*
Margaret E. Townsend (D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff*

4