UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. ARMY CORPS OF ENGINEERS and ) <br> U.S. CUSTOMS AND BORDER PROTECTION, ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-cv-1037 (EGS) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendants, United States Army Corps of Engineers ("USACE") and United States Customs and Border Protection ("CBP") (collectively, "Defendants") respectfully submit this Statement of Material Facts Not in Genuine Dispute.

**PLAINTIFF'S FOIA REQUESTS**

1. Plaintiff submitted Freedom of Information Act ("FOIA") requests to USACE and CBP seeking "all records . . . that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S.-Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives." Declaration of Patrick Howard (the "Howard Decl.") at Ex. B; Declaration of Damon Roberts (the "Roberts Decl.") at Ex. A.

**USACE'S RESPONSE TO PLAINTIFF'S FOIA REQUEST**

2. USACE determined that Steven Roberts, the Project Manager in USACE Headquarters responsible for working with CBP, would have any documents responsive to the FOIA request. Roberts Decl. ¶ 4.

3. Steven Roberts searched his electronic and paper files for responsive documents. *Id*.

4. USACE IT personnel electronically searched the email account of USACE's Commanding General, Lieutenant General Todd T. Semonite, for any emails including the terms "border wall" or "border fence." *Id*. at ¶ 6.

5. USACE reviewed the documents located in its searches to determine whether they were, in fact, responsive to Plaintiff's FOIA request, and to evaluate whether they contained information subject to a FOIA exemption. *Id*. at ¶ 5.

6. After consultation with several other federal agencies, including CBP, the Office of the Administrative Assistant to the Secretary of the Army, the Office of the Secretary of Defense, and the USACE's Southwest Division, USACE completed the processing of Plaintiff's FOIA request, and released to Plaintiff all responsive, non-exempt records. *Id*. at ¶¶ 7-8; Ex. C.

7. USACE withheld from its release to Plaintiff records or portions of records that are subject to the deliberative process privilege pursuant to Exemption 5. *Id*. at ¶ 10; Ex. D.

8. USACE withheld, pursuant to Exemption 6, the names and contact information of active duty and civilian Department of Defense personnel, including, in some instances, personal phone numbers and personal email addresses. *Id*. at ¶¶12-13; Ex. D.

9. USACE withheld, pursuant to Exemption 7(E), information concerning proposed border infrastructure, the disclosure of which would reveal law enforcement techniques, procedures, and assessment of vulnerabilities along the United States-Mexico border. *Id*. at ¶ 15; Ex. D.

10. All reasonably segregable, non-exempt portions of the responsive records were produced to Plaintiff. *Id*. at ¶ 16.

**CBP'S RESPONSE TO PLAINTIFF'S FOIA REQUEST**

11.  CBP's FOIA Division determined that the Office of Facilities and Asset Management ("OFAM"), U.S. Border Patrol ("USBP"), and the Policy Directorate ("OPD") were the offices within CBP that were most likely to have responsive records.  Howard Decl. ¶ 16.

12.  CBP's FOIA Division tasked those offices to search their paper and electronic files for responsive records from the period November 9, 2016 through February 28, 2017.  *Id*. at ¶¶ 20-21.

13.  OFAM performed its search using the terms "Transition + Wall," "Transition + Barrier," "Transition + Border," "Transition," and "Transition Team."  *Id*. at ¶ 22.

14.  USBP searched the "shared drive folder that was specifically dedicated to the Presidential Transition Team and located all records relating to or referencing walls, barriers, and/or other physical construction along the U.S.-Mexico border and/or U.S.-Canada border."  *Id*. at ¶ 23.

15.  To locate responsive emails, CBP's Office of Information and Technology searched the email of members of OPD using the following terms: "Presidential Transition" and "Mexican Border" plus "wall" or "barrier" or "physical construction"; "Presidential Transition" and "U.S.-Mexico Border" plus "wall" or "barrier" or "physical construction"; and "Presidential Transition" and "U.S. –Canada Border" plus "wall" or "barrier" or "physical construction."  *Id*. at ¶ 24.

16.  Additionally, OPD members "searched their shared drives and emails in Microsoft Outlook that were on their work computers using the search terms "wall," "barrier," "construction," "physical," "Mexico," "Canada," and "border."  *Id*.

17. The records located through the multiple searches were provided to the FOIA Division and reviewed to identify exempt material. *Id.* at ¶ 25.

18. CBP withheld trade secret and cost and price information pursuant to Exemption 4. *Id.* at ¶¶ 34-40; Ex. A.

19. CBP withheld material protected by the deliberative process and attorney-client privileges pursuant to Exemption 5. *Id.* at ¶¶ 42-44; Ex. A.

20. CBP withheld personal information such as the names, signatures, and contact information of lower-level government employees and third-parties pursuant to Exemptions 6 and 7(C). *Id.* at ¶¶ 46, 49; Ex. A.

21. CBP withheld, pursuant to Exemption 7(E), information such as the results of CBP's capability gaps or needs requirements analyses with respect to CBP's law enforcement programs and initiatives, technical specifications and locations of tactical infrastructure and related surveillance technology, and similar information that directly relates to CBP's law enforcement mission. *Id.* at ¶¶ 53-55; Ex. A.

22. All reasonably segregable, non-exempt portions of the responsive records were produced to Plaintiff. *Id.* at ¶ 56.

[Remainder of page intentionally left blank.]

23. All reasonably segregable, non-exempt portions were produced to Plaintiff. *Id.* at ¶ 56.

Dated: September 13, 2018

            Respectfully submitted,

            JESSIE K. LIU, D.C. Bar # 472845
            United States Attorney

            DANIEL F. VAN HORN, D.C. Bar # 924092
            Chief, Civil Division

        By: /s/ *Melanie D. Hendry*
            Melanie D. Hendry
            Assistant United States Attorney
            555 Fourth Street, N.W.
            Washington, D.C. 20530
            (202) 252-2510
            melanie.hendry2@usdoj.gov