**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY, )
)
Plaintiff, )
)
v. )   Civil Action No. 17-1037 (EGS)
)
U.S. ARMY CORPS OF ENGINEERS and )
U.S. CUSTOMS AND BORDER PROTECTION, )
)
Defendants. )

**DECLARATION OF PATRICK HOWARD**

I, Patrick Howard, declare as follows:

1.      I am a Branch Chief within the Freedom of Information Act Division ("FOIA

Division") at U.S. Customs and Border Protection ("CBP"), U.S. Department of Homeland

Security ("DHS"). I have been a Branch Chief in the FOIA Division since February 8, 2015. In

this capacity, I oversee a staff of Government Information Specialists ("GIS"), the processing of

requests for records submitted to CBP pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, the Privacy Act ("PA"), 5 U.S.C. § 552a, and other activities conducted pursuant

to applicable records access provisions.

2.      I am familiar with CBP's procedures for responding to FOIA requests. I provide

technical and administrative supervision and direction to a group of FOIA specialists in

processing FOIA requests and assist with FOIA/PA litigation matters, and I am personally

familiar with the processing of FOIA/PA responses, including, at times, by directly reviewing for

adequacy and compliance with federal laws and regulations.

3.      The statements in this Declaration are made on the bases of: (1) my review of the

documents I understand are at issue in the above-referenced matter; (2) my personal knowledge

1

of the internal operations of this office and agency; and (3) information acquired by me in the course of the performance of my official duties.

4.      I am familiar with the procedures followed by CBP in responding to requests for information pursuant to the provisions of FOIA, and with the procedures followed in responding to the request made by the Center for Biological Diversity ("Plaintiff"), the Plaintiff in the above-captioned matter.

5.      I submit this Declaration in support of CBP's motion for summary judgment. The purpose of this Declaration is to explain the actions CBP has taken since receiving Plaintiff's FOIA request, dated January 25, 2017 (the "Request"), and to provide an explanation of the procedures used in the review and processing of the CBP records that were released to Plaintiff by CBP. In accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), this declaration and its attachments, including the Vaughn Index, attached as Exhibit A, provide the Court and Plaintiff with information detailing CBP's search for responsive records and an identification of information that is withheld, the statutory exemption(s) claimed, and the justification for asserting the exemptions.

## CBP'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE TO FOIA REQUESTS

6.      CBP is a law enforcement agency comprised of more than 60,000 employees charged with enforcing hundreds of federal statutes. Approximately 45,000 of those employees are armed law enforcement officers engaged in carrying out CBP's expansive border security mission (U.S. Border Patrol Agents, Field Operations Officers, and Air and Marine Interdiction Agents).

7.      Broadly, the FOIA Division at CBP reviews FOIA requests, determines whether responsive records exist and, if so, whether they can be released in accordance with the FOIA.

In processing such requests, the FOIA Division consults with CBP personnel and, when appropriate, with other components within DHS, as well as other Executive Branch agencies.

8.     Despite the large size of CBP as an organization, the FOIA Division currently consists of 30 full-time staff and four supervisory employees.  Specifically, there are 30 GISs who report to three Branch Chiefs who, in turn, report to the Privacy and Diversity Office.

9.     A GIS, also known as a FOIA processor, is tasked with reviewing information and providing assistance to managers and employees concerning FOIA issues, policies, and procedures.  He or she is also responsible for processing FOIA requests for CBP records.  A GIS is responsible for reviewing and preparing draft responses to requests for releases of information and, in so doing, must apply relevant statutes, regulations, agency rules, and/or executive orders as they pertain to FOIA requests.

10.     A Branch Chief is responsible for managing policy formulation, advising agency management, and ensuring compliance with federal laws governing the release of information. Branch Chiefs oversee the release of CBP documents and information, assist with FOIA litigation matters, and oversee the processing of FOIA responses and adherence to federal laws and regulations.

11.     Generally, the FOIA Division rarely has direct access to records that may be responsive to complex requests such as this request.  Rather, the FOIA Division must first determine which CBP offices are likely to have responsive information and then work with those offices to gather any potentially responsive records.  Based on the FOIA Division's familiarity with the types of records that each office maintains, assessments of where responsive records are likely to be maintained are based on a review of the content of the request itself and the nature of the records sought, as well discussions with knowledgeable agency personnel.  Accordingly,

3

when CBP receives a FOIA request that reasonably describes the records requested and complies with the agency's rules governing the procedures for FOIA requests, the office likely to have responsive information must search for and retrieve potentially responsive records.

12.     Once the offices likely to have responsive information have completed their search and located potentially responsive records, the FOIA Division must process them for release.  Processing records requires: (1) reviewing records for responsiveness to the request and (2) reviewing responsive records to excise and withhold information that falls within any one of the FOIA's nine statutory exemptions from disclosure.  *See* 5 U.S.C. § 552(b).

13.     In order to review responsive records for information exempt from disclosure, a CBP FOIA processor must (1) meticulously examine, line by line, each responsive record to identify potential redactions; (2) apply redactions if necessary; and (3) individually label each redaction (which could be a name, email address, phone number, single word or phrase, or substantial portions of a document) with the applicable exemption(s).

**PLAINTIFF'S REQUEST AND CBP'S SEARCH FOR RESPONSIVE RECORDS**

14.     By email dated January, 25, 2017, Plaintiff submitted the FOIA request at issue to DHS seeking "all records from the U.S. Department of Homeland Security . . . that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S.-Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives" (the "Request"). A copy of the Request is attached as Exhibit B.

15.     By email dated April 21, 2017, DHS notified Plaintiff that it referred the Request to CBP's FOIA Office.

4

16.     Upon receiving the Request, the FOIA Division staff carefully evaluated the Request and considered which offices, databases, and personnel were likely to hold responsive information.  The FOIA Division determined that responsive records fell under the purview of CBP.  Based on the FOIA Division's experience with prior, similar requests, it was determined that the offices mostly likely to have information responsive to the Request were the Office of Facilities and Asset Management ("OFAM"), U.S. Border Patrol ("USBP"), and the Policy Directorate ("OPD") located within the Office of the Commissioner.

17.     OFAM is the office within CBP responsible for managing the agency's large, complex, and diverse facilities and tactical infrastructure portfolio, which includes more than 5,600 buildings, structures, and surveillance towers, over 4,600 acres of land in the United States, and 654 miles of primary pedestrian and vehicle fence along the southwest border.

18.     USBP is the primary federal law enforcement organization responsible for preventing the entry and illicit movement of people and contraband between official CBP ports of entry.

19.     OPD is the designated lead office on behalf of the Commissioner and Deputy Commissioner in guiding CBP's overall policy development and implementation and coordination with DHS and other governmental agencies for matters that are of a significant, cross-cutting, and/or agency-wide nature which are expected to have an impact on CBP policies, operations, or procedures.  Such matters include, but are not limited to, policies and initiatives required by legislation, policies or initiatives requiring coordination between two or more CBP offices, and issues that may result in significant national attention or Congressional interest.

20.     The FOIA Division tasked OFAM, USBP, and OPD with searching their personal paper and electronic files (including emails) for any records provided to or created for the

purpose of briefing members of the Presidential Transition Team and/or their representatives that referenced walls, barriers, and/or other physical construction along the U.S.-Mexico and U.S.-Canada borders.

21.     As the presidential election was held on November 8, 2016, and President Donald J. Trump was sworn into office on January 20, 2017, the time period selected for this search was from November 9, 2016 to February 28, 2017. This time period is from the date after the Presidential election until one month following the swearing in of President Trump. This time period would most likely have been the time that any communications or drafts would have been prepared for the Presidential Transition Team. As such, this time period was reasonably calculated to locate the records requested by Plaintiff.

22.     OFAM personnel searched their hard copy and electronic files using the terms "Transition + Wall," "Transition + Barrier," "Transition + Border," "Transition," and "Transition Team."

23.     USBP searched a shared drive folder that was specifically dedicated to the Presidential Transition Team and located all records relating to or referencing walls, barriers, and/or other physical construction along the U.S.-Mexico border and/or U.S.-Canada border.

24.     CBP's Office of Information and Technology (OIT) performed a search of the emails of the members of the OPD, as they were responsible for communications between the Presidential Transition Team and CBP. The search was conducted using the following terms: "Presidential Transition" and "Mexican Border" plus "wall" or "barrier" or "physical construction"; "Presidential Transition" and "U.S.-Mexico Border" plus "wall" or "barrier" or "physical construction"; "Presidential Transition" and "U.S.-Canada Border" plus "wall" or "barrier" or "physical construction." Members of PD themselves also searched their shared

6

drives and emails in Microsoft Outlook that were on their work computers using the search terms
"wall," "barrier," "construction," "physical," "Mexico," "Canada," and "border."

25.     The FOIA Division surveyed relevant personnel from OFAM, USBP, and OPD
and identified approximately 4,264 pages of responsive records.  CBP has released, in whole or
in part, approximately 4,264 pages of records to Plaintiff.  As detailed in the accompanying
Vaughn index, exempt information was withheld pursuant to FOIA exemptions (b)(3), (b)(4),
(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

26.     As further explained below, in the review of documents in connection with the
preparation of the Vaughn index, it was determined that, in some instances, an exemption was
mistakenly applied to redacted information.  In those cases, it was determined that either another
exemption applied, or that the information was not exempt from disclosure under the FOIA.

## JUSTIFICATION FOR WITHHOLDING INFORMATION UNDER THE FOIA

### Exemption (b)(3)

27.     Section 552(b)(3) of Title 5 of the U.S. Code exempts from disclosure
information specifically exempted from disclosure by statute, provided that such statute requires
that the matters be withheld from the public in such a manner as to leave no discretion on the
issue, or establishes particular criteria for withholding or refers to particular types of matters to
be withheld.

28.     In this case, exemption (b)(3) was applied in the Bates-numbered documents
0055-BW FOIA, 0058-BW FOIA, 0122-BW FOIA, and 0124-BW FOIA to protect information
believed to be confidential contractor bid or proposal information protected under 41 U.S.C. §
2102.

29.     In the review of the documents in connection with the preparation of the Vaughn index, it was determined that exemption (b)(3) was inapplicable to the redacted information in 0055-BW FOIA. This information, rather than being confidential contractor bid or proposal information, was funding amounts supporting an interagency agreement ("IAA") between CBP and the U.S. Army Corps of Engineers ("USACE"). As such, the information is not of the type exempt from release under (b)(3) or any other exemption under the FOIA.

30.     In the review of the documents in connection with the preparation of the Vaughn index, it was determined that exemption (b)(3) was inapplicable to the redacted information in 0058-BW FOIA. This information, rather than being confidential contractor bid or proposal information, reflects the budget and expenses for nine southwest border USBP sectors during fiscal years 2014 to 2016. As such the information is not of the type exempt from release under (b)(3) or any other exemption under the FOIA.

31.     In the review of the documents in connection with the preparation of the Vaughn index, it was determined that exemption (b)(3) was inapplicable to the redacted information in 0122-BW FOIA and 0124-BW FOIA. This information, rather than being confidential bid or proposal information, reflects CBP's own estimates for proposed fence construction in various sectors along the southern border. However, as explained below, this information is exempt from disclosure under exemption (b)(7)(E).

32.     Exemption (b)(3) was also applied in the Bates-numbered documents 0090-BW FOIA, 0091-BW FOIA, 0104-BW FOIA, 0110-BW FOIA to contractor drawings and specifications provided to CBP in connection with the design of the border fence along the U.S. southern border believed to be exempt from disclosure under exemption (b)(3). In the review of the documents in connection with the preparation of the Vaughn index, it was determined that

8

exemption (b)(3) was inapplicable to the redacted information in these documents. However, as explained below, the withheld information is exempt from disclosure under exemption (b)(4).

### Exemption (b)(4)

33.     Section 552(b)(4) of Title 5 of the U.S. Code exempts from disclosure matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

34.     In this case, exemption (b)(4) was applied in Bates-numbered documents 0061-BW FOIA, 0062-BW FOIA, and 0063-BW FOIA. Together the documents comprise a delivery order contract between CBP and The Boeing Company ("Boeing") to provide services in support of CBP's Fence Lab Project, under which CBP tested, evaluated, and selected border fence solutions to meet the agency's operational needs. The unit costs and total price offered by Boeing for the associated services is redacted, as its disclosure could result in competitive harm to the contractor. Disclosure of such information is prohibited by the Trade Secrets Act, 18 U.S.C. § 1905. As such, the information is properly withheld under exemption (b)(4).

35.     As noted above, contractor design drawings and specifications contained in 0090-BW FOIA, 0091-BW FOIA, 0104-BW FOIA, 0110-BW FOIA provided to CBP in connection with the design of the fence along the U.S. southern border were improperly withheld pursuant to exemption (b)(3). However, the designs bear markings which identify the drawings and specifications as proprietary. Such information constitutes the trade secret or style of work of those firms, which is prohibited from disclosure under the Trade Secrets Act, 18 U.S.C. § 1905. As such, the information is properly withheld under exemption (b)(4).

36.     Exemption (b)(4) was also applied in Bates-numbered documents 0011-BW FOIA, 0054-BW FOIA, 0059-BW FOIA, 0087-BW FOIA, 0088-BW FOIA.

9

37.     In the review of the documents in connection with the preparation of the Vaughn index, it was determined that exemption (b)(4) was inapplicable to the redacted information in 0011-BW FOIA.  Rather than trade secret or commercial or financial information obtained from another party, the redacted information concerns the projected deployment costs of various law enforcement assets, such as mobile, fixed, and aviation surveillance systems.  However, as explained below, the information specified in this document is exempt from disclosure under exemption (b)(7)(E).

38.     In the review of documents in connection with the preparation of the Vaughn index, it was determined that exemption (b)(4) was inapplicable to the redacted information in 0054-BW FOIA.  Rather than the trade secret or commercial or financial information obtained from another party, the redacted information reflects the funding amounts under an IAA between CBP and the Federal Aviation Administration ("FAA") Logistics Center to support CBP remote video surveillance system towers and facilities.  As such, the information is not of the type exempt from disclosure under (b)(4) or any other exemption under the FOIA.

39.     In the review of the documents in connection with the preparation of the Vaughn index it was determined that exemption (b)(4) was inapplicable to redacted information in 0059-BW FOIA.  Rather than trade secret or commercial or financial information obtained from another party, the redacted information concerns the funding amounts provided under a reimbursable work authorization between CBP and the U.S. Army Corps of Engineers for real estate acquisition, program planning/oversight, and construction of pedestrian fence in specified USBP sectors along the southern border.  However, as explained below, the redacted information is exempt from disclosure under exemption (b)(7)(E).

40.    In the review of the documents in connection with the preparation of the <u>Vaughn</u> index, it was determined that exemption (b)(4) was inapplicable to the redacted information in 0087-BW FOIA and 0088-BW FOIA. Rather than trade secret or commercial or financial information obtained from another party, the redacted information concerns funding amounts provided under two separate modifications to an IAA between CBP and the FAA Logistics Center. As such, the information is not of the type exempt from disclosure under (b)(4) or any other exemption under the FOIA.

## Exemption (b)(5)

41.    Section 552(b)(5) of Title 5 of the U.S. Code exempts from disclosure matters that are "inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The general purpose of this exemption and the underlying privilege is to prevent injury to the quality of agency decisions.

42.    In this case, exemption (b)(5) was applied to pre-decisional/deliberative information concerning the agency's approach to implement law enforcement measures along the U.S.-Mexico border under programs and initiatives, such as the Secure Border Initiative Network ("SBI*net*") (a concept for providing fencing, communications systems, sensors, and operators as an approach to surveillance along the southwest border), the Integrated Fixed Tower ("IFT") Program (a surveillance program utilizing fixed surveillance towers along the Arizona border), and the Aerostat surveillance system (aircraft which monitor air and ground movement along the border), as well as the agency's potential plans for construction of new tactical border infrastructure as directed by President Trump. The redacted information includes the qualitative and quantitative metrics across which USBP identified law enforcement capability gaps, the results of tests and analyses of alternatives for potential law enforcement strategies, and

11

recommendations to CBP leadership to inform acquisition and other decisions concerning the deployment of law enforcement strategies. Disclosure of such information could reasonably be expected to affect the agency's decision-making process in effecting presidential policy.

43.     In addition, section 552(b)(5) of Title 5 of the U.S. Code exempts from disclosure confidential communications between an attorney and a client in which the client is seeking legal advice, or in which the attorney is providing advice.

44.     In this case, exemption (b)(5) was also applied to information previously provided to USBP from CBP's Office of Chief ("OCC") for the purposes of providing legal advice, which was subsequently used in various briefing materials for CBP leadership. The information is protected from disclosure under the attorney-client privilege.

### Exemption (b)(6)

45.     Section 552(b)(6) of Title 5 of the U.S. Code exempts from disclosure personnel and medical files and similar files, the release of which would constitute a clearly unwarranted invasion of personal privacy. This exemption requires balancing the public's right to disclosure against an individual's right to privacy. The information is exempted from disclosure because the privacy interests in that information outweigh the public interest in its disclosure.

46.     In this case, exemption (b)(6) has been applied to the names, signatures, phone numbers, email addresses, personally identifiable information, and other identifying details of government employees and other third-party individuals. Exemption (b)(6) has been applied to such information because its release would constitute a clearly unwarranted invasion of personal privacy. Government employees, including CBP law enforcement officers, and the employees of CBP government contractors have a protectable privacy interest in their identities that would be threatened by disclosure. Similarly, government employees and government contractors have a

12

protectable privacy interest in their phone numbers, email addresses, and personal signatures that would be threatened by disclosure. Release of this information would not shed light on CBP's actions, and there is no public interest in the disclosure of this information. In addition, the redacted names were not of high-ranking government officials. Accordingly, the individual's right to privacy outweighs whatever public interest, if any, might exist in disclosing the information.

Exemption (b)(7)(C)

47.     Section 552(b)(7)(C) of Title 5 of the U.S. Code exempts from disclosure certain records or information that are "compiled for law enforcement purposes." The records at issue in this case were compiled for law enforcement purposes in that the information is created and used solely by CBP in its law enforcement mission to secure the borders of the United States.

48.     Section 552(b)(7)(C) of Title 5 of the U.S. Code exempts from disclosure law enforcement records or information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption (b)(7)(C) is designed to protect, among other things, law enforcement personnel from harassment or annoyance in the conduct of their official duties and in their private lives, which could conceivably result from the public disclosure of their identities. The information is exempted from disclosure because the privacy interests in that information outweigh the public interest in its disclosure.

49.     Exemption (b)(7)(C) has been applied to the names, phone numbers, email addresses, personally identifiable information, and other identifying details of government employees and third-party individuals because release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy. The records provided in response to Plaintiff's request were compiled for law enforcement purposes in that the

13

information contained within these records was created and used by CBP in its mission to secure the borders of the United States. The holders of the redacted government phone numbers and email addresses and the named government employees have a protectable privacy interest in their identities that would be compromised by release of the information. Similarly, the third-party individuals whose personally identifiable information and other identifying details appear in the records have a protectable privacy interest in their identities that would be compromised by the release of the information. Release of this information would not shed light on CBP's actions, and there is no public interest served in the disclosure of the information. In addition, the redacted names were not of high-ranking government officials. Accordingly, the individual's right to privacy outweighs whatever public interest, if any, that might exist in knowing this information.

Exemption (b)(7)(E)

50.     As noted above, section 552(b)(7) of Title 5 of the U.S. Code exempts from disclosure certain records or information that are "compiled for law enforcement purposes." The records at issue in this case were compiled for law enforcement purposes in that the information was created and used by CBP in its law enforcement mission to secure the borders of the United States.

51.     Section 552(b)(7)(E) of Title 5 of the U.S. Code exempts from disclosure law enforcement records or information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

14

52.     In this case, exemption (b)(7)(E) has been applied to information such as the results of the agency's capability gaps or needs requirements analyses with respect to several of CBP's law enforcement programs and initiatives, such as the Secure Border Initiative Network, the Integrated Fixed Tower Program, and the Aerostat surveillance system. Redacted information includes technical specifications and locations of tactical infrastructure and related surveillance technology (including its capabilities and limitations, such as the conditions under which the equipment is most or least effective), and other similar information that directly relates to CBP's law enforcement mission. The disclosure of such information could reveal law enforcement sensitive information that could reasonably be expected to permit individuals to effectuate countermeasures, alter their patterns of conduct to avoid detection, or otherwise circumvent the law.

53.     As noted above, information in 0011-BW FOIA was improperly withheld under exemption (b)(4). However, the redacted information was compiled for law enforcement purposes in connection with the assessment of the SBI*net* program's analysis of alternatives to support acquisition decisions regarding continued deployment of the program. The redacted information identifies CBP's cost estimates for agent, fixed, mobile, and aerial assets across USBP sectors along the southern border. Disclosure of CBP's asset investments along the southern border could reveal capability gaps that would permit individuals to effect countermeasures in order to circumvent the law. As such, the information is properly withheld under exemption (b)(7)(E).

54.     As noted above, information in 0059-BW FOIA was improperly withheld under exemption (b)(4). However, the redacted information in this reimbursable work authorization between CBP and USACE was compiled for law enforcement purposes in connection with

15

USACE's performance of real estate acquisition, program planning/oversight, and pedestrian fence construction services in specified USBP sectors along the southern border. The redacted information includes line items identifying pedestrian fence construction locations by sector abbreviation and associated costs. Disclosure of such information would reveal the level of tactical infrastructure investment made in these areas, which could reveal capability gaps that would permit individuals to alter their patterns of conduct, adopt new methods of operation, effectuate countermeasures, or otherwise circumvent the law. As such, the information is properly withheld under exemption (b)(7)(E).

55.     As noted above, information in 0122-BW FOIA AND 0124-BW FOIA was improperly withheld under exemption (b)(3). However, the redacted information was compiled for law enforcement purposes by CBP's OFAM to provide USBP leadership an overview of CBP's current infrastructure assets and proposals for placement of new fence along the northern and southern borders. The redacted information includes CBP's estimated costs of construction for new fence and roads per mile per USBP sector. Disclosure of such information could reveal capability gaps that would permit individuals to alter their patterns of conduct, adopt new methods of operation, effect countermeasures, or otherwise circumvent the law. As such this information is properly withheld under exemption (b)(7)(E).

## SEGREGABILITY

56.     Plaintiff has been provided with all responsive records pursuant to this request. Where appropriate, CBP asserted FOIA exemptions in the released records. All information withheld is exempt from disclosure pursuant to a FOIA exemption or is not reasonably segregable because it is so intertwined with protected material that segregation is not possible, or its release would have revealed the underlying protected material. I have reviewed the

documents determined to be responsive, and I am satisfied that all reasonably segregable portions of the relevant records have been released to the Plaintiff in this matter. In my determination, any further release of the exempted materials could reasonably lead to the identification of the individuals or other information that are properly redacted by the exemptions asserted.

57.     I declare under penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this 27th day of July 2018.


*Patrick A Howard*

Patrick Howard
Branch Chief, FOIA Division
Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security

# EXHIBIT A

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0004 – BW FOIA | Memo from Chief, U.S. Border Patrol to Assistant Commissioner, Office of Internal Affairs re: Government Accountability Office ("GAO") Report on CBP Arizona Border Surveillance Technology Plan | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names, signatures, and telephone numbers of individual government employees or third parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information has been redacted pursuant to (b)(5) and (b)(7)(E), as the information was compiled for law enforcement purposes and disclosure of such information would reveal the pre-decisional/deliberative process information of the agency concerning law enforcement data collection techniques. |
| 0005 – BW FOIA | Arizona Border Surveillance Technology Plan Concept of Operations Document for U.S. Border Patrol | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names, signatures, and telephone numbers of individual government employees or other third parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information has been redacted pursuant to (b)(5) and (b)(7)(E), as the information was compiled for law enforcement purposes in the development of United States Border Patrol's ("USBP's") concept of operations (i.e., approach to law enforcement) for Arizona border surveillance.  Redacted information includes pre-decisional information concerning the agency's approach to law enforcement along the Arizona border.  The information includes locations, operational protocols, current technologies, capability gaps, and needs requirements.  Disclosure of such information would reveal law enforcement techniques and procedures, which would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures in order to circumvent the law. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0006 – BW FOIA CBP | Operational Test Agency Evaluation Report for the Secure Border Initiative Network Block 1.0 | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names, signatures, and telephone numbers of individual government employees or other third parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information has been redacted pursuant to (b)(5) and (b)(7)(E), as the information was compiled for law enforcement purposes to provide the results of the agency's independent testing and evaluation of the Secure Border Initiative Network ("SBInet") Block 1.0 system to meet the needs of CBP's operational mission. SBInet was a concept for providing fencing, communications systems, sensors, and operators as an approach to surveillance along the southern border. Information includes testing locations, test conditions, operational assumptions, results, and recommendations to the agency. Disclosure of such information would reveal capability gaps and law enforcement techniques and procedures for addressing them, which would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures to circumvent the law. |
| 0007 – BW FOIA | Southwest Border Patrol Technology White Paper | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as it was compiled for law enforcement purposes to address the agency's technology capability needs along the nation's southwest border. The redacted information includes operational measures definitions for effectiveness, and specific locations that could benefit from new or different border surveillance technology. Public disclosure of this operational information would reveal capability gaps and law enforcement techniques and procedures for addressing them, which would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, effectuate other countermeasures to |

2

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | circumvent the law, or otherwise frustrate law enforcement operations. |
| 0008 – BW FOIA | | (b)(6) (b)(7)(C) (b)(7)(E) | Names, signatures, and telephone numbers of individual government employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information has been redacted pursuant to (b)(7)(E), as this document makes reference to acquisition needs for specific law enforcement program technologies. Public disclosure of the specific technologies employed in the use of law enforcement would permit individuals to effectuate countermeasures or otherwise frustrate or circumvent law enforcement operations. |
| 0009 – BW FOIA | Memorandum from Chief, USBP to Assistant Commissioner, Office of Technology Innovation and Acquisition ("OTIA") re: Integrated Fixed Tower Program | (b)(6) (b)(7)(C) (b)(7)(E) | Names, signatures, and telephone numbers of individual government employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information has been redacted pursuant to (b)(7)(E), as this document details the conditions of acceptance for CBP's Integrated Fixed Tower ("IFT") Program. The IFT Program was a surveillance strategy utilizing fixed surveillance towers along the Arizona Border. The conditions of acceptance specify operational gaps and recommendations for resolving them. Public disclosure of capability gaps and specific technologies employed in the use of law enforcement would permit individuals to effectuate countermeasures or otherwise frustrate or circumvent law enforcement operations. |
| 0010 – BW FOIA | Internal USBP Response to GAO | (b)(5) | Document withheld in full pursuant to (b)(5), as the document contains pre-decisional information compiled by USBP for law |

3

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | Recommendation to Develop Metrics to Measure Border Technology Effectiveness | | enforcement purposes concerning CBP's capability gap analysis and future plans to implement measures to fulfill needs requirements. Information includes the qualitative and quantitative metrics USBP will implement to measure the effectiveness of its border surveillance technology under the Arizona Border Surveillance Technology Plan, in line with GAO's audit recommendation to devise such metrics. Disclosure of such information could reasonably be expected to affect the integrity of the agency's decision-making process. |
| 0011 – BW FOIA | Homeland Security Studies & Analysis Institute - SBInet Independent Assessment: Analysis of Alternatives, Phase 1A | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Names of third parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.

Information has been redacted pursuant to (b)(5) and (b)(7)(E), as this document was compiled for law enforcement purposes and concerns the independent, pre-decisional assessment of SBInet to provide an analysis of alternatives for the *SBInet* program director and acquisition officials to support decisions regarding the continued deployment of the program. This document identifies specific testing locations, test conditions, technology assets, law enforcement assumptions and protocols, and conclusions as they relate to law enforcement techniques and procedures. Public disclosure of capability gaps, specific technologies employed (including conditions under which they are least or most effective), and law enforcement techniques and procedures would permit individuals to effectuate countermeasures or otherwise frustrate law enforcement operations or the agency's future decisions concerning those operations. |
| 0012 – BW FOIA | SBInet Block 1.0 User Assessment Final Analysis Report | (b)(5) (b)(7)(E) | Information has been redacted pursuant to (b)(5) and (b)(7)(E), as this document was compiled for law enforcement purposes and concerns the independent, pre-decisional assessment of SBInet system effectiveness to inform CBP's optimization of system implementation. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | This document identifies specific testing locations, test conditions, technology assets, law enforcement assumptions and protocols, and conclusions and recommendations related to law enforcement techniques and procedures. Public disclosure of capability gaps, specific technologies employed (including conditions under which they are least or most effective), and law enforcement techniques and procedures would permit individuals to effectuate countermeasures or otherwise frustrate law enforcement operations or the agency's future decisions concerning those operations. |
| 0013 – BW FOIA | Response to GAO Audit Recommendations | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as the information was compiled for law enforcement purposes to address a Government Accountability Office ("GAO") audit recommendation to determine the degree to which surveillance technologies contribute to CBP's border security efforts. The document identifies specific technologies, describes their capabilities and limitations, and measures the degree to which the technologies contribute to border security. Appendix A includes the responsive case study performed in a specific CBP area of responsibility and details the results, which includes reference to specific CBP locations, identifies surveillance technology gaps, and assesses the technologies' impact ("assists") on assaults, rescues, and apprehensions in the CBP area of responsibility. Public disclosure of capability gaps, specific technologies employed or recommended, and law enforcement techniques and procedures would permit individuals to effectuate countermeasures or otherwise frustrate law enforcement operations. |
| 0014 – BW FOIA | USBP Initial Requirements Document for the Laredo Sector | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names, signatures, and telephone numbers of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure. |

5

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Information is redacted pursuant to (b)(5) and (b)(7)(E), as it is a pre-decisional document prepared for law enforcement purposes to address capability needs in a specific CBP area of responsibility. The document identifies specific zones within the area of responsibility, the capability requirements within them, proposed technological enhancements for specific zones, and their order or priority. Disclosure of such information could reasonably be expected to assist individuals in or near the area of responsibility in avoiding detection and circumventing the law or frustrate law enforcement operations. |
| 0015 – BW FOIA | Briefing Slides: Arizona Border Surveillance Technology Plan (Advised by SBInet Analysis of Alternatives) | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as it is part of a pre-decisional document compiled for law enforcement purposes to analyze capability gaps and recommend surveillance technology and strategies along the Arizona border. Disclosure of such information could reasonably be expected to assist individuals in or near the area of responsibility in avoiding detection and circumventing the law or frustrating law enforcement operations. |
| 0016 – BW FOIA | Aerostat Force Development Event ("FDE") Evaluation Final Report | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Names and signatures of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Information is redacted pursuant to (b)(5) and (b)(7)(E), as it is part of a pre-decisional document compiled for law enforcement purposes to provide USBP decision-makers the results, analysis, conclusions, and recommendations regarding continued use of the Aerostat aerial surveillance systems (aircraft which monitor air and ground movement) along the southern border. Disclosure of such information would reveal the capabilities of these systems (including conditions under which they are least or most effective) and could reasonably be expected to assist individuals in or near the CBP area of responsibility in avoiding detection, permit individuals to effectuate |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | countermeasures or otherwise frustrate law enforcement operations or the agency's future decisions concerning those operations. |
| 0017 – BW FOIA | USBP Sector Capability Gap Summary | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes to address infrastructure and equipment needs in a specific CBP area of responsibility.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0018 – BW FOIA | USBP Sector Capability Gap Summary | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes to address infrastructure and equipment needs in a specific CBP area of responsibility.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0019 – BW FOIA | USBP Sector Capability Gap Summary | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes to address infrastructure and equipment needs in a specific CBP area of responsibility.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0020 – BW FOIA | USBP Sector Capability Gap Summary | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes to address infrastructure and equipment needs in a specific CBP area of responsibility.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0021 – BW FOIA | Summary of CBP Environmental Stewardship Initiatives in Del Rio Sector | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as this document was prepared for law enforcement purposes in connection with the placement of tactical infrastructure in a specific section of a CBP area of responsibility.  The document identifies the specific location, linear mileage and acreage of the location, and length of the tactical infrastructure.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0022 – BW FOIA | Summary of CBP Environmental Stewardship Initiatives in El Centro Sector | (b)(6) (b)(7)(C) (b)(7)(E) | Images of third-party environmental monitors photographed taking notes at an fencing construction staging area have been redacted pursuant to (b)(6) and (b)(7)(C), as to prevent an unwarranted invasion of privacy. These contracted biological and cultural resource specialists were on-site during all phases of construction to ensure CBP adhered to the best management practices it developed to minimize environmental impact in the affected area. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information is redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes and identifies the specific sections of a CBP area of responsibility, linear mileage and acreage of the location, and length of the tactical infrastructure. Additionally, the document specifies continuing post-construction issues resulting from the terrain, which impacted fencing. Disclosure of this information could reasonably be expected to assist individuals near or within the area of responsibility in avoiding detection and circumventing the law. |
| 0023 – BW FOIA | Summary of CBP Environmental Stewardship Initiatives for Pedestrian Fence Construction in El Paso Sector | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes and identifies the specific sections of a CBP area of responsibility, linear mileage and acreage of the location, and length of the tactical infrastructure. Additionally, the document identifies by specific segment problematic areas of fencing and continuing post-construction issues resulting from the terrain that impacted fencing. Disclosure of this information could reasonably be expected to assist individuals near or within the area of responsibility in avoiding detection and circumventing the law. |
| 0024 – BW FOIA | Summary of CBP Environmental Stewardship Initiatives for Vehicle Fence | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the information relates to the acreage/footprint of tactical infrastructure (including fencing and roads) in specific sections of the identified CBP sector. Disclosure of such information could be utilized by individuals in or |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | Construction in El Paso Sector | | near the area to effect measures to avoid detection or circumvent the law. |
| 0025 – BW FOIA | Email re: Fence Maintenance and Repair along Southwest Border | (b)(6) (b)(7)(C) (b)(7)(E) | Names, signatures, telephone numbers, and email addresses of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Information is redacted pursuant to (b)(7)(E), as the information discloses CBP response time with regard to breaches discovered in fencing infrastructure and the causes of breaches. Knowing the time period within which CBP generally makes necessary repairs could aid individuals in avoiding detection. |
| 0026 – BW FOIA | Tasking from Presidential Transition Team Requesting Summary of Current Border Infrastructure and Surveillance Technology | (b)(7)(E) | Information in this document is redacted pursuant to (b)(7)(E), as it contains law enforcement information provided to the Presidential Transition Team concerning CBP's tactical assets along the northern and southern borders. The document specifies the length of pedestrian and vehicle fencing for each USBP sector (and similar totals for all weather roads), the kind of fencing and its dimensions, information concerning the characteristics and qualities of the fencing related to its structural integrity, and related maps of fence and road locations. The document identifies, with accompanying images, technological equipment and describes their capabilities, limitations, manner of use, and locations where deployed. Public disclosure of such information regarding the agency's assets (including conditions under which they are least or most effective) would permit individuals to effectuate countermeasures, avoid detection, or otherwise frustrate law enforcement operations. |
| 0027 – BW FOIA | Memo from Department of Homeland Security | (b)(6) (b)(7)(C) (b)(7)(E) | Names, signatures, telephone numbers, and email addresses of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | ("DHS") Under Secretary for Management and Chief Financial Officer to CBP Commission re: CBP Land, Air, and Maritime Domain Awareness Capabilities | | unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in its disclosure.<br><br>Additional information is redacted pursuant to (b)(7)(E), as the information was compiled for law enforcement purposes and specifies technologies used in CBP's law enforcement operations, the disclosure of which could reasonably be expected to assist individuals in avoiding detection and circumventing the law or otherwise frustrating law enforcement operations. |
| 0028 – BW FOIA CBP | Integrated Fixed Towers Limited User Test Final Report | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names and signatures of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was compiled for law enforcement purposes to provide CBP decision-makers the independent test and evaluation results for the integrated fixed tower program to inform acquisition decisions. The IFT Program was a surveillance strategy utilizing fixed surveillance towers along the Arizona Border. Redacted information includes testing locations, test conditions, operational assumptions, system capabilities, and limitations, evaluation results (including when they are most or least effective), and recommendations to the agency. Disclosure of such information would reveal capability gaps and law enforcement techniques and procedures for addressing them, which would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures to circumvent the law or otherwise frustrate law enforcement operations. Further, the |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | agency has an interest in maintaining the integrity of its decision-making process. |
| 0029 – BW FOIA CBP | CBP OTIA SB*inet* Block 1 Capabilities and Limitations Post-Deployment Assessment | (b)(7)(E) | Information has been redacted pursuant to (b)(7)(E), as the document was compiled for law enforcement purposes to provide the results of the agency's independent testing and evaluation of the SB*inet* Block 1.0 system to meet the needs of CBP's operational mission. Information includes testing locations, test conditions, operational assumptions, results, and recommendations to the agency. Disclosure of such information would reveal capability gaps and law enforcement techniques and procedures for addressing them, which would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures to circumvent the law, or otherwise frustrate law enforcement operations. |
| 0030 – BW FOIA CBP | Memo from CBP Executive Director, Secure Border Initiative to DHS Deputy Secretary re: SB*inet* Operational Requirements Document | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Names and signatures of individual government employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Additional information is redacted pursuant to (b)(5) and (b)(7)(E), as this document specifies CBP's operational requirements for SB*inet* technology systems.  Public disclosure of the agency's operational requirements for surveillance technology could permit individuals to effectuate countermeasures in order to circumvent the law or otherwise frustrate law enforcement operations. |
| 0031 – BW FOIA | Remove Video Surveillance System ("RVSS") Upgrade Decision Brief | (b)(6) (b)(7)(C) (b)(7)(E) | Names and signatures of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Information is redacted pursuant to (b)(7)(E), as this document specifies the requirements for remote video surveillance systems in two USBP sectors.  Public disclosure of operational gaps and the agency's plans for resolving them would permit individuals in or near the sectors to effectuate countermeasures to avoid detection or circumvent the law or otherwise frustrate law enforcement operations. |
| 0032 – BW FOIA | Briefing Slides for Office of Management and Budget ("OMB") re: CBP Updated Southwest Border Technology Plan | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Images of uniformed USBP agents attending a planning meeting are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such images would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.

Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was compiled by USBP for law enforcement purposes and concerns revisions to CBP's Southwest Border Plan to inform the agency's fiscal year ("FY")2018 budget request. The document identifies CBP's current technology laydowns, specifies capability gaps in various sectors, and recommends courses of action for meeting operational requirements for the next 2-7 years. Public disclosure of such information would permit individuals to effectuate countermeasures or otherwise frustrate law enforcement operations or the agency's future decisions concerning those operations. |
| 0035 – BW FOIA | Biological Assessment for Proposed Border Fence | (b)(6) (b)(7)(C) (b)(7)(E) | Names and telephone numbers of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in its disclosure.

Information is redacted pursuant to (b)(7)(E), as the information identifies proposed fencing locations within a specific CBP area of responsibility, including areas where gaps in fencing would be |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | purposefully placed for cost or environmental reasons and areas where technology laydowns could be performed for added surveillance. Disclosure of such information could permit individuals to avoid detection, effectuate countermeasures, or otherwise frustrate law enforcement operations. |
| 0036 – BW FOIA | Map of USBP Fence along Southwest Border | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document is a map identifying the locations of CBP laydowns of infrastructure and surveillance technology along the southwest border.  Disclosure of such information could permit individuals to avoid detection, effectuate countermeasures, or otherwise frustrate law enforcement operations. |
| 0037 – BW FOIA | Map of USBP Fence along Southwest Border | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document contains maps identifying the locations of CBP laydowns of infrastructure and surveillance technology along the southwest border.  Disclosure of such information could permit individuals to avoid detection, effectuate countermeasures, or otherwise frustrate law enforcement operations. |
| 0038 – BW FOIA | Map of USBP Fence along Southwest Border | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document contains maps identifying the locations of CBP laydowns of infrastructure and surveillance technology along the southwest border.  Disclosure of such information could permit individuals to avoid detection, effectuate countermeasures, or otherwise frustrate law enforcement operations. |
| 0039 – BW FOIA | Map of USBP Fence along Southwest Border | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as the document contains maps identifying the locations of CBP laydowns of infrastructure and surveillance technology along the southwest border.  Disclosure of such information could permit individuals to avoid detection, effectuate countermeasures, or otherwise frustrate law enforcement operations. |
| 0041 – BW FOIA | Integrated Fixed Towers System Operational | (b)(6) (b)(7)(C) (b)(7)(E) | Names and signatures of individual government employees or third-parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | Requirements Document | | of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Information has been redacted pursuant to (b)(7)(E), as the information was compiled for law enforcement purposes to address USBP's capability gaps and how integrated fixed tower ("IFT") systems may be an approach for meeting operational needs. The document identifies CBP's concept of operations for border security, and areas of responsibility and the operational needs within those areas (including surveillance ranges and other key performance parameters). Disclosure of such information would reveal the agency's capability gaps and CBP's approach to filling them. It can reasonably be expected that such disclosure would permit individuals to effectuate countermeasures in order to circumvent law or otherwise frustrate law enforcement operations. |
| 0042 – BW FOIA | RVSS Upgrade Limited User Test Final Report | (b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Names, signatures, and telephone numbers of individual government employees and other third-parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.<br><br>Information has been redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was compiled by CBP's Office of Innovation and Technology Acquisition for law enforcement purposes to determine the operational effectiveness, suitability, and readiness for CBP's remote video surveillance system ("RVSS") upgrade. Redacted information includes test locations, system descriptions and specifications, current technology laydowns, and the results of system testing – including operational deficiencies, conditions under which systems are most or least effective, and recommendations for filling capability gaps. Disclosure of such information would reveal law |

14

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
*U.S. Customs and Border Protection's Vaughn Index*

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | enforcement techniques and procedures, as well as system capabilities, which could reasonably be expected to permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures in order to avoid detection, circumvent the law, or otherwise frustrate law enforcement operations. |
| 043 – BW FOIA | Mobile Video Surveillance System Operational Requirements Document | (b)(6) (b)(7)(C) (b)(7)(E) | Names, signatures, and telephone numbers of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.

Information is redacted pursuant to (b)(7)(E), as this document was compiled for law enforcement purposes to identify the operational requirements for CBP's mobile video surveillance system ("MVSS").  Redacted information includes operational assumptions and system descriptions and specifications/key performance parameters.  Disclosure of such information would reveal law enforcement techniques and procedures, as well as system requirements, which could reasonably be expected to permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures in order to avoid detection, circumvent the law, or otherwise frustrate law enforcement operations. |
| 0044 – BW FOIA | RVSS Operational Requirements Document | (b)(6) (b)(7)(C) (b)(7)(E) | Names and signatures of individual government employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure.  Information is redacted pursuant to (b)(7)(E), as the information was compiled for law enforcement purposes to identify the operational requirements for RVSS.   Redacted information includes operational |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
*U.S. Customs and Border Protection's Vaughn Index*

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | assumptions and system descriptions and specifications/key performance parameters. Disclosure of such information would reveal law enforcement techniques and procedures, as well as system capabilities, which could reasonably be expected to permit individuals to alter their patterns of conduct, adopt new methods of operation, or effectuate other countermeasures in order to avoid detection, circumvent the law, or otherwise frustrate law enforcement operations. |
| 0045 – BW FOIA | Border Patrol Facilities and Tactical Infrastructure Design Standards | (b)(5) (b)(6) (b)(7)(E) | Names have been redacted pursuant to (b)(6), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure. Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was prepared by CBP's Office of Facilities, Management, and Engineering for law enforcement purposes and details the tactical infrastructure design standards for border fencing, including locations and design drawings and specifications. Public disclosure of the underlying design drawings and specifications (including specific dimensions and parameters) could reasonably be expected to permit individuals to effectuate countermeasures to undermine the structural integrity of the infrastructure in order to avoid detection, circumvent the law, or otherwise impede law enforcement operations. |
| 0047 – BW FOIA | Biological Survey for Construction, Operation, and Maintenance of Vehicle Fence Tucson Sector, Arizona | (b)(7)(E) (b)(6) | Information has been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes and would reveal the results of specific locations or specifics of land survey results. Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Names of biologists who conducted the survey were redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information. |
| 0048 – BW FOIA | Email re: Presidential Transition Team Request for Fence Drawings and Maps | (b)(6) (b)(7)(C) | Names, phone numbers, and worksite locations of CBP employees were redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information.

Names, phone numbers, and worksite locations of CBP employees were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0049 – BW FOIA | Summary of CBP Environmental Stewardship Initiatives in Tucson Sector | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as this document was prepared for law enforcement purposes in connection with the placement of tactical infrastructure in a specific section of a CBP area of responsibility. The document illustrates the structural components of the fencing. Individuals routinely damage fence in an effort to enter the country between official ports of entry. Disclosure of this information could reasonably be expected to assist individuals in or near the area in effecting countermeasures in order to circumvent the law. |
| 0050 – BW FOIA | Email re: Presidential Transition Team Request for Interagency Agreements between CBP and U.S. Army Corps of Engineers for Border Construction Management | (b)(6) (b)(7)(C) | Names, phone numbers, and worksite locations of CBP employees were redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information.

Names, phone numbers, and worksite locations of CBP employees were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0053 – BW FOIA | Email re: Presidential Transition Team Request for Drawings and Maps of Southwest Border | (b)(6) (b)(7)(C) | Names and phone numbers of CBP employees were redacted pursuant to Exemption (b)(6).  The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information.

Names and phone numbers of CBP employees were also redacted pursuant to Exemption (b)(7)(C).  This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0054 – BW FOIA | Interagency Agreement ("IAA") between CBP and Federal Aviation Administration ("FAA") Logistics Center | (b)(6) (b)(7)(C) (b)(7)(E) | Names, phone numbers, and addresses of Federal employees and Business Partner Network (BPN) Numbers were redacted pursuant to Exemption (b)(6).  The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information.

Names, phone numbers, and addresses of Federal employees and Business Partner Network (BPN) Numbers were also redacted pursuant to Exemption (b)(7)(C).  This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Agency locator codes were redacted for pursuant to Exemption (b)(7)(E).  Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |
| 0055 – BW FOIA | IAA between CBP and U.S. Army Corps of Engineers | (b)(6) (b)(7)(C) | Names, phone numbers, and addresses of Federal employees and Data Universal Numbering System (DUNS) Numbers were redacted pursuant to Exemption (b)(6).  The privacy interests of the individuals |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | in the records outweigh any minimal public interest in disclosure of the information. |
| | | | Names, phone numbers, and addresses of Federal employees and Data Universal Numbering System (DUNS) Numbers were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0056 – BW FOIA | CBP Interim Response to Presidential Transition Team Request for Information | (b)(7)(E) | Specific requirements for border security have been redacted pursuant to Exemption (b)(7)(E). Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |
| 0058 – BW FOIA | CBP Response to Presidential Transition Team Tasking re: Southwest Border Fence Maintenance and Repair | (b)(7)(E) | Information relating to fencing miles, damage, and execution of repairs has been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes and would reveal specifics about the land.  Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |
| 0059 – BW FOIA | Reimbursable Work Authorization 2208710 | (b)(6) (b)(7)(C) (b)(7)(E) | Names, phone numbers, and addresses of Federal employees were redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information.

Names, phone numbers, and addresses of Federal employees were also redacted pursuant to Exemption (b)(7)(C).  This information was compiled for law enforcement purposes and its release could |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>Agency locator codes were redacted for pursuant to Exemption (b)(7)(E). Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. Line items identifying pedestrian fence construction locations in specified USBP sectors along the southern border and the associated costs in the Reimbursable Work Authorization are also redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes and would reveal the agency's tactical investments in those areas and the level of costs expended in each sector. Disclosure of such information could permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, or effectuate other countermeasures in order to circumvent the law. |
| 0060 – BW FOIA | SBInet Fence Lab Overview | (b)(7)(E) | Test performance criteria and test facility locations have been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes.  Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |
| 0061 – BW FOIA | Order for Supplies and Services from The Boeing Company – Delivery Order HSBP1007J15464 | (b)(4)<br>(b)(6)<br>(b)(7)(C) | Unit prices and total costs were redacted pursuant to exemption (b)(4).  Exemption (b)(4) protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. |

20

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Names and contractor Tax Identification Numbers (TINs) were redacted pursuant to Exemption (b)(6). The privacy interests of the government contractor in the records outweigh any minimal public interest in disclosure of the information. |
| | | | Name of the contractor's representative and the contractor's Tax Identification Numbers (TINs) were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0062 – BW FOIA | Notes for Delivery Order HSBP1007J15464 | (b)(4) (b)(6) (b)(7)(C) | Prices and fees were redacted pursuant to exemption (b)(4). Exemption (b)(4) protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. |
| | | | Names and Tax Exempt ID Numbers were redacted pursuant to Exemption (b)(6). The privacy interests of the government contractor in the records outweigh any minimal public interest in disclosure of the information. |
| | | | Names and Tax Exempt ID Numbers were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0063 – BW FOIA | Schedule of Supplies/Services for Delivery Order HSBP1007J15464 | (b)(4) | Prices and costs were redacted pursuant to Exemption (b)(4).  FOIA Exemption (b)(4) protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. |
| 0064 – BW FOIA | Tactical Infrastructure – Fence and Roads, Executive Summary | (b)(6) (b)(7)(C) (b)(7)(E) | The point of contact's ("POC's") name was redacted pursuant to Exemption (b)(6).  The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | The POC's name was also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| | | | Border security infrastructure specifics and locations have been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes.   Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |
| 0065 – BW FOIA | Response to Presidential Transition Tasking re: Border Infrastructure and Technology | (b)(5) (b)(7)(E) | Information concerning potential plans for future testing analyses for the Aerostat aerial surveillance program along the southwest border were redacted pursuant to exemption (b)(5).  Exemption (b)(5) exempts from disclosure information considered to be pre-decisional and deliberative, and inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. |
| | | | Border security assets, capabilities, and location data have been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes.   Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |

22

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0067 – BW FOIA | POCs with Roles in Fence/Infrastructure Program | (b)(6) (b)(7)(C) | Names and phone numbers of CBP employees were redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information. Names and phone numbers of CBP employees were also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| 0068 – BW FOIA | Executive Summary - Tactical Infrastructure Fence and Roads | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Projects in process were redacted pursuant to Exemption (b)(5). FOIA Exemption (b)(5) exempts from disclosure information considered to be pre-decisional and deliberative, and inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. The POC's name, email, and phone number was redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any public interest in disclosure of the information. The POC's name, email, and phone number was also redacted pursuant to Exemption (b)(7)(C). This information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. Border security infrastructure specifics and requirements have been redacted pursuant to Exemption (b)(7)(E), as such information was compiled for law enforcement purposes. Disclosure of such information would permit individuals to alter their patterns of conduct, adopt new methods of operation, relocate, change associations, and effectuate other countermeasures, thus, corrupting the integrity of ongoing techniques, operations and investigations, and potentially compromising officer safety. |

23

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
*U.S. Customs and Border Protection's Vaughn Index*

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0069 – BW FOIA | USBP Requirements Management Process Description | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it describes USBP's process for identifying its operational requirements. The document specifies levels (or "Tiers") for the operational need and the associated timeframes within which the capability gap must be filled and the factors that go into prioritizing the operational need. Disclosure of such information would reveal the methods and techniques by which USBP defines its operational needs to meet its law enforcement mission. |
| 0070 – BW FOIA (Parts 1 - 4) | U.S. Border Patrol Internal Operating Procedure ("IOP") Capability Gap Analysis Process | (b)(6) (b)(7)(C) (b)(7)(E) | The name and signature of a CBP employee was redacted pursuant to Exemption (b)(6). The privacy interests of the individuals in the records outweigh any minimal public interest in disclosure of the information. Exemption (b)(7)(C) was also applied, as this information was compiled for law enforcement purposes and its release could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>Information is redacted pursuant to (b)(7)(E), as this IOP describes the methods USBP uses to analyze its capability gaps. The document describes specific tools and quantitative data points that should be included in the analysis and includes in an attached user guide screenshots displaying how the information appears when input into USBP's systems. Disclosure of such information would reveal the methods and techniques by which USBP analyzes its capability gaps to effect its law enforcement mission. |
| 0071 – BW FOIA | Homeland Security Studies & Analysis Institute - SBInet Independent Assessment: Analysis of Alternatives, Phase 1B | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | The names of third parties have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information has been redacted pursuant to (b)(5) and (b)(7)(E), as this document was compiled for law enforcement purposes and concerns |

24

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | the independent, pre-decisional assessment of SBInet to provide an analysis of alternatives for the *SBInet* program director and acquisition officials to support decisions regarding the continued deployment of the program. This document identifies specific testing locations, test conditions, technology assets, law enforcement assumptions and protocols, and conclusions as they relate to law enforcement techniques and procedures. Public disclosure of capability gaps, specific technologies employed (including conditions under which they are least or most effective), and law enforcement techniques and procedures would permit individuals to effectuate countermeasures or otherwise frustrate law enforcement operations or the agency's future decisions concerning those operations. |
| 0072 – BW FOIA | Biological Resources Plan for Construction, Operation, and Maintenance of Tactical Infrastructure for San Diego Sector, California | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it provides station-specific details concerning the agency's plans for border fence construction and maintenance within USBP's San Diego sector. Disclosure of this information could reasonably be expected to assist individuals near or within the area of responsibility in avoiding detection and circumventing the law. |
| 0073 – BW FOIA | Briefing Slides: Overview of CBP Fence and Roads | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was prepared by CBP's Office of Facilities and Management ("OFAM") to provide USBP leadership and overview of CBP's current tactical infrastructure assets and proposals for the placement of new fence along both the northern and southern borders, inclusive of maps. Exemption (b)(5) was also applied to information provided by the Office of Chief Counsel ("OCC") concerning relevant legal considerations. Public disclosure of the redacted information could affect the agency's decision-making process, reveal law enforcement sensitive information that may assist individuals in the affected areas of responsibility in avoiding detection and circumventing the law, and undermine the attorney-client relationship. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0074 – BW FOIA | Summary of Unconstrained Operational Needs & Cost Estimates (excerpted from Overview of CBP Fence and Roads) | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as this information is excerpted from the pre-decisional document above (0073 – BW FOIA), and details the agency's requirement for the construction of new tactical infrastructure and roads and the repair and replacement of existing infrastructure along both the northern and southern borders. Public disclosure of the redacted information could undermine the agency's decision-making process as well as reveal law enforcement sensitive information that may assist individuals in the affected areas of responsibility in avoiding detection and circumventing the law, particularly with respect to proposals concerning repair and replacement of existing infrastructure |
| 0075 – BW FOIA | Email re: Presidential Transition Team Tasking for Southern Border Overview and Maps | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0076 – BW FOIA | Response to Presidential Transition Team Tasking Concerning Infrastructure Funding | (b)(5) (b)(7)(E) | Information describing the agency's potential funding approaches to new infrastructure construction has been redacted pursuant to (b)(5) and (b)(7)(E). The information is pre-decisional in nature and, in describing alternatives, details CBP's funding commitments for major construction, alterations, and repairs for certain other CBP law enforcement programs. The disclosure of such information could reveal capability gaps in CBP law enforcement programs unrelated to border infrastructure and undermine the agency's decision-making process with respect to those programs. |
| 0077 – BW FOIA | Overview of CBP Fence | (b)(5) (b)(7)(E) | Information concerning USBP's tactical infrastructure requirements is redacted pursuant to (b)(5) and (b)(7)(E). Information included in the slides was previously provided to USBP from the Office of Chief Counsel ("OCC") and is redacted pursuant to (b)(5), as it concerns certain legal considerations with respect to fence construction. OCC |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
*U.S. Customs and Border Protection's Vaughn Index*

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | provided the information to USBP for the purposes of providing legal advice, and it is therefore protected by the attorney-client privilege.<br><br>Information is redacted pursuant to (b)(7)(E) as it relates to USBP's plans to for repair and replacement of fencing and other infrastructure and the construction of new fence (including possible design/material style and proposed mileage of new fence) in USBP sectors. The disclosure of such information could reveal capability gaps in the specified sectors, which may assist individuals in or near those areas in effecting countermeasures, avoiding detection, or otherwise circumventing the law. |
| 0078 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6)<br>(b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0079 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6)<br>(b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0080 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6)<br>(b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0081 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6)<br>(b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0082 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0083 – BW FOIA | Response to Presidential Transition Team Tasking Concerning Infrastructure Funding | (b)(5) (b)(7)(E) | Information describing the agency's potential funding approaches to new infrastructure construction has been redacted pursuant to (b)(5) and (b)(7)(E). The information is pre-decisional in nature and, in describing alternatives, details CBP's funding commitments for major construction, alterations, and repairs for certain other CBP law enforcement programs.  The disclosure of such information could reveal capability gaps in CBP law enforcement programs unrelated to border infrastructure and undermine the agency's decision-making process with respect to those programs. |
| 0084 – BW FOIA | Response to Presidential Transition Team Tasking Concerning Infrastructure Funding | (b)(5) (b)(7)(E) | Information describing the agency's potential funding approaches to new infrastructure construction has been redacted pursuant to (b)(5) and (b)(7)(E).  The information is pre-decisional in nature and, in describing alternatives, details CBP's funding commitments for major construction, alterations, and repairs for certain other CBP law enforcement programs.  The disclosure of such information could reveal capability gaps in CBP law enforcement programs unrelated to border infrastructure and undermine the agency's decision-making process with respect to those programs. |
| 0085 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0087 – BW FOIA | Interagency Agreement between CBP and FAA | (b)(6) (b)(7)(C) | Names, addresses, emails, and phone numbers of government employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the |

28

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | Logistics Center – Agreement No. HSBP1015X00122 (Modification 2) | | release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served in their disclosure. |
| 0088 – BW FOIA | Interagency Agreement between CBP and FAA Logistics Center – Agreement No. HSBP1015X00122 (Modification 1) | (b)(6) (b)(7)(C) | Names, addresses, emails, and phone numbers of government employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions, and no public interest is served in its disclosure. |
| 0089 – BW FOIA | Facilities Management and Engineering Border Patrol and Air & Marine Program Management Office | (b)(5) (b)(6) (b)(7)(C) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E) as it is a pre-decisional document describing USBP's proposed plans for construction of new and replacement tactical infrastructure within specified sectors along the northern and southern borders. Exemption (b)(5) is also applied to information previously furnished by OCC discussing legal considerations related to the proposed construction, which is covered by the attorney-client privilege. Release of this information could undermine the agency's decision-making process, as well as provide information to the public that could assist individuals in the specified sectors avoiding detection and circumventing the law.<br><br>The name and contact information of a government employee is redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of such information would not shed light on CBP's actions, and no public interest is served in its disclosure. |
| 0090 – BW FOIA | Design Drawings for Border Fence | (b)(4) (b)(7)(E) | Information is redacted pursuant to (b)(4), as the drawing is marked as proprietary information of the company furnishing the designs. This information constitutes the firm's trade secrets concerning its style of work, which is prohibited from disclosure pursuant to 18 U.S.C. 1905. |

29

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Exemption (b)(7)(E) is applied, as the document provides the specifications for tactical infrastructure (e.g., height, width, materials). Individuals routinely damage border fence in an effort to enter the country between official ports of entry. Disclosure of the specifications for the border fencing could assist individuals in avoiding detection and circumventing the law. |
| 0091 – BW FOIA | Fence Products Section 02825 Specifications | (b)(4) (b)(6) (b)(7)(C) (b)(7)(E) | Information is redacted pursuant to (b)(4), as the document contains further specification supporting the design provided in 0090 – BW FOIA above. The drawing is marked as proprietary information of the company furnishing the designs. This information constitutes the firm's trade secrets concerning its style of work, which is prohibited from disclosure pursuant to 18 U.S.C. 1905 |
| | | | Exemption (b)(7)(E) is applied, as the document provides the specifications for tactical infrastructure (e.g., height, width, materials, performance parameter such as impact resistance). Individuals routinely damage border fence in an effort to enter the country between official ports of entry. Disclosure of the specifications for the border fencing could assist individuals in avoiding detection and circumventing the law. |
| | | | The name of the manufacturer's POC is redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of such information would not shed light on CBP's actions, and no public interest is served in its disclosure. |
| 0093 – BW FOIA | Statement of Work Supporting Interagency Agreement between CBP and Sandia National Laboratories ("Sandia") | (b)(6) (b)(7)(C) (b)(7)(E) | The names and contact information of government employees and Sandia employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of such information would not shed light on CBP's actions, and no public interest is served in its disclosure. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | Exemption (b)(7)(E) is applied to information concerning the nature and location of the specific fence testing and evaluation Sandia was contracted to perform.  Individuals routinely damage border fence in an effort to enter the country between official ports of entry.  Disclosure of the types of tests CBP performs on tactical infrastructure could assist individuals in avoiding detection and circumventing the law. |
| 0094 – BW FOIA | Operations Support Council Discussion Notes | (b)(6)(b)(7)(C) | Names of CBP employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions, and no public interest is served in its disclosure. |
| 0095 – BW FOIA | CBP Components Needs/Requests Doc | (b)(7)(E) | Exemption (b)(7)(E) is applied, as this document summarizes the mission needs/requests for USBP and other CBP law enforcement offices, including the Office of Field Operations (OFO) and Air and Marine Operations (AMO).  Disclosure of such information would reveal capability gaps which could assist individuals in effecting countermeasures or otherwise circumventing the law. |
| 0096 – BW FOIA | Office of Facilities and Asset Management ("OFAM") Response to Presidential Transition Team Tasking 170 – Fence Lab | (b)(7)(E) | Exemption (b)(7)(E) is applied to information describing the testing and evaluation of border fence under CBP's Fence Lab Project, which includes details related to the fence design and the operational conditions that affect fence performance.  Individuals routinely damage border fence in an effort to enter the country between official ports of entry.  Disclosure of these details could assist individuals in avoiding detection and circumventing the law. |
| 0098 – BW FOIA | Summary of Proposed New and Replacement Tactical Infrastructure and Roads by Sector | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document identifies by USBP sector proposed new and replacement tactical infrastructure and roads.  Disclosure of such information would undermine the agency's decision-making process and reveal capability gaps that could assist individuals in or near the sectors in avoiding detection of circumventing the law. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0099 – BW FOIA | Summary of Acquisition Costs for Proposed New Infrastructure | (b)(5) | The proposed acquisition costs for new infrastructure and the repair and replacement of existing infrastructure is redacted pursuant to (b)(5), as the information is pre-decisional in nature.  Public disclosure of CBP's estimates for these expenditures could undermine the agency's decision-making process inasmuch as there is public concern over the use of taxpayer funds for construction of border infrastructure. |
| 0100 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(E) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information is redacted pursuant to (b)(7)(E) as it relates to a Presidential Transition Team request for information naming CBP immigration enforcement missions and identifies, in one instance, the operational changes associated with the specified mission.  Disclosure of such information could reasonably reveal law enforcement procedures or techniques that could assist individuals in circumventing the law. |
| 0101 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(E) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information is redacted pursuant to (b)(7)(E) as it relates to a Presidential Transition Team request for information naming CBP immigration enforcement missions and identifies, in one instance, the operational changes associated with the specified mission.  Disclosure of such information could reasonably reveal law enforcement |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | procedures or techniques that could assist individuals in circumventing the law. |
| 0102 – BW FOIA | SBInet Fence Lab Task Performance Work Statement, Order HSBP11007J15464 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information is redacted pursuant to (b)(7)(E), as it specifies the performance requirements for the testing and evaluation of border fence durability and describes the operational conditions under which the fencing is to be tested.  Individuals routinely damage border fence in an effort to enter the country between official ports of entry. Disclosure of the conditions under which fencing was tested for durability could assist individuals in avoiding detection and circumventing the law. |
| 0103 – BW FOIA | Response to Presidential Transition Team Tasking Concerning Infrastructure Funding | (b)(5)<br>(b)(7)(E) | Information describing the agency's potential funding approaches to new infrastructure construction has been redacted pursuant to (b)(5) and (b)(7)(E).  The information is pre-decisional in nature and, in describing alternatives, details CBP's funding commitments for major construction, alterations, and repairs for certain other CBP law enforcement programs.  The disclosure of such information could reveal capability gaps in CBP law enforcement programs unrelated to border infrastructure, which could assist individuals in circumventing the law, as well as undermine the agency's decision-making process with respect to those programs. |
| 0104 – BW FOIA | Briefing Slides: Fence Lab Project | (b)(4)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(E) | Design drawings and specifications previously furnished by the fencing manufacturers and included in the slides is redacted pursuant to (b)(4).  The information describes the manufacturers' design style and materials, estimated cost of construction, and includes marked proprietary fence design drawings. Such information is the trade |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | secret or style of work of the firm furnishing the designs, which is prohibited from disclosure pursuant to 18 U.S.C. 1905. |
| | | | Names of individuals have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| | | | Information is redacted pursuant to (b)(7)(E) as it relates to results of the agency's Fence Lab Project, under which CBP tested, evaluated, and selected border fence solutions to meet the agency's requirements. The redacted information describes the performance criteria the solutions were to meet and information concerning the locations of the deployment of the selected solutions. Individuals routinely damage border fence in an effort to enter the country between official ports of entry. Disclosure of the conditions under which fencing was tested for durability could assist individuals, particularly those in or near the areas where the fencing will be deployed, in avoiding detection and circumventing the law. |
| 0105 – BW FOIA | USBP Sector Specific Infrastructure Operational Prioritization | (b)(7)(E) | Exemption (b)(7)(E) is applied to information USBP's operational needs for new or replacement infrastructure and the order of priority for those needs. The table specifies the locations using longitudinal/latitudinal coordinates. Individuals routinely damage tactical infrastructure and surveillance equipment in an effort to enter the country between official ports of entry or to avoid detection. Disclosure of the locations of CBP infrastructure down to the geographic coordinates would assist individuals in avoiding detection and circumventing the law. |

34

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0106 – BW FOIA | Tactical Infrastructure – Fence and Roads Executive Summary | (b)(6) (b)(7)(C) (b)(7)(E) | The name of a CBP employee has been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy.  Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.

Information regarding border fence infrastructure is redacted pursuant to (b)(7)(E).  The redacted information describes the materials of which the fence is made, its effectiveness under certain conditions, the agency's needs with respect to replacement of certain legacy fence, and locations of two current replacement projects.  Individuals routinely damage fencing infrastructure in an effort to enter the country between official ports of entry.  Disclosure of information related to the composition of fencing materials, the agency's operational needs, and the location of ongoing replacement projects could assist individuals in or near the areas in avoiding detection or otherwise circumventing the law. |
| 0107 – BW FOIA | Briefing Slides: *SBInet* Independent Assessment: Analysis of Alternatives, Phase 2 | (b)(6) (b)(7)(E) | The name of the presenter is redacted pursuant to (b)(6), as release of the information would constitute an unwarranted invasion of privacy.  The information does not shed light on CBP's action, and no public interest is served in its disclosure.

Information is redacted pursuant to (b)(7)(E), as this document was compiled for law enforcement purposes and concerns the second phase of independent assessment of SBInet to provide an analysis of alternatives for the *SBInet* program director.  The document identifies specific testing locations, test conditions, technology assets, law enforcement assumptions and protocols, and conclusions as they relate to law enforcement techniques and procedures.  Public disclosure of capability gaps, specific technologies employed (including conditions under which they are least or most effective), and law |

35

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | enforcement techniques and procedures would permit individuals to effectuate countermeasures, frustrate law enforcement operations, or otherwise circumvent the law. |
| 0108 – BW FOIA | Northern Border Surveillance Technology and Tactical Infrastructure Memo | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E) as it was compiled by USBP for law enforcement purposes and identifies tactical infrastructure and surveillance system capability gaps that exist in each sector along the northern border.  Disclosure of information related to law enforcement vulnerabilities could reasonably assist individuals in or near the sectors in avoiding detection or otherwise circumventing the law. |
| 0109 – BW FOIA | Southwest Border Surveillance Technology and Tactical Infrastructure Memo | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E) as it was compiled by USBP for law enforcement purposes and identifies tactical infrastructure and surveillance system capability gaps that exist in each sector along the southern border.  Disclosure of information related to law enforcement vulnerabilities could reasonably assist individuals in or near the sectors in avoiding detection or otherwise circumventing the law. |
| 0110 – BW FOIA | Blueprint | (b)(4) (b)(6) (b)(7)(E) | Design drawings and specifications furnished by a fencing manufacturers is redacted pursuant to (b)(4). Such information is the trade secret or style of work of the firm furnishing the design, which is prohibited from disclosure pursuant to 18 U.S.C. 1905.

Exemption (b)(7)(E) is applied, as the document provides the design specifications for fencing, the disclosure of which could assist individuals in effecting countermeasures in order to circumvent the law.

The name of the manufacturer's point of contact is redacted pursuant to (b)(6), as the release of this information would constitute an unwarranted invasion of privacy. The information does not shed light on CBP actions, and no public interest is served by its disclosure. |

36

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0111 – BW FOIA | Notes from November 21, 2016 CBP Leadership Meeting | (b)(6) (b)(7)(E) | The names of CBP employees participating in the meeting are redacted pursuant to (b)(6), as release of the information would constitute an unwarranted invasion of privacy.  The information does not shed light on CBP's actions, and no public interest is served by its disclosure.  Information describing the design of existing fence is redacted pursuant to (b)(7)(E).  Individuals routinely damage border fence in effort to enter the country between official ports of entry.  Disclosure of the fencing design could assist individuals in effecting countermeasure in order to circumvent the law. |
| 0112 – BW FOIA | Overview of CBP | (b)(6) (b)(7)(C) (b)(7)(E) | This document contains images of uniformed CBP officers and agents engaged in their day-to-day law enforcement activities.  Beneath each image is a by-line crediting the photographer.  The names of the photographers are redacted to pursuant to (b)(6) and (b)(7)(C).  The names of CBP employees are also redacted pursuant to (b)(6) and (b)(7)(C).  The release of this information would constitute an unwarranted invasion of privacy.  The information does not shed light on CBP's actions and, no public interest is served by its disclosure.  Information concerning the number of CBP officers assigned to the Federal Bureau of Investigation's ("FBI's") Joint Terrorism Task Force is redacted pursuant to (b)(7)(E), as this information could reveal law enforcement techniques and procedures. |
| 0114 – BW FOIA | Response to Presidential Transition Team Related to Infrastructure Funding | (b)(5) (b)(7)(E) | Information describing the agency's potential funding approaches to new infrastructure construction has been redacted pursuant to (b)(5) and (b)(7)(E).  The information is pre-decisional in nature and, in describing alternatives, details CBP's funding commitments for major construction, alterations, and repairs for certain law enforcement programs other than USBP.  The disclosure of such information could reveal capability gaps in CBP law enforcement programs unrelated to border infrastructure and undermine the agency's decision-making process with respect to those programs. |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| 0116 – BW FOIA | Overview of CBP OFAM | (b)(6) | Exemption (b)(6) is applied to the names and images of CBP employees, as the release would constitute an unwarranted invasion of privacy.  The information does not shed light on CBP's actions, and no public interest is served by its disclosure. |
| 0117 – BW FOIA | Summary of Environmental Stewardship Initiatives for Fence Construction in Marfa Sector | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as this document was prepared for law enforcement purposes in connection with the placement of tactical infrastructure in a specific section of a CBP area of responsibility.  The document identifies the specific location, linear mileage and acreage of the location, and length of the tactical infrastructure.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0118 – BW FOIA | Summary of Environmental Stewardship Initiatives for Fence Construction in Rio Grande Valley Sector | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as this document was prepared for law enforcement purposes in connection with the placement of tactical infrastructure in a specific section of a CBP area of responsibility.  The document identifies the specific location, linear mileage and acreage of the location, and length of the tactical infrastructure.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0121 – BW FOIA | Summary of Environmental Stewardship Initiatives for Fence Construction in Yuma Sector | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as this document was prepared for law enforcement purposes in connection with the placement of tactical infrastructure in a specific section of a CBP area of responsibility.  The document identifies the specific location, linear mileage and acreage of the location, and length of the tactical infrastructure.  Disclosure of this information could reasonably be expected to assist individuals in or near the area in avoiding detection and circumventing the law. |
| 0122 – BW FOIA | Briefing Slides: Overview of CBP Fence (November 17, 2016) | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was prepared by CBP's OFAM to provide USBP leadership and overview of CBP's current tactical infrastructure assets and proposals for the placement of new fence along both the northern |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | and southern borders, inclusive of maps. Exemption (b)(5) was also applied to information previously provided by OCC concerning relevant legal considerations attendant to border fence construction, which is protected by the attorney-client privilege. Public disclosure of the redacted information could affect the agency's decision-making process, reveal law enforcement sensitive information that may assist individuals in the affected areas of responsibility in avoiding detection and circumventing the law, and undermine the attorney-client relationship. |
| 0123 – BW FOIA Part 1 (Parts 1 through 3) | Fence Lab Preliminary Results | (b)(6) (b)(7)(C) (b)(7)(E) | The names of CBP employees are redacted pursuant to (b)(6) and (b)(7)(C), as the release of this information would constitute an unwarranted invasion of privacy. The information does not shed light on CBP's actions, and no public interest is served by its disclosure. This document was compiled by the CBP SBInet Program Management Office for law enforcement purposes to provide USBP the preliminary results of CBP's Fence Lab Project, under which the agency tested and evaluated border fence solutions to meet the agency's requirements. Information is redacted pursuant to (b)(7)(E), as the document describes the performance parameters CBP developed for testing the fencing and the conditions under which they were tested. The document also includes design drawings and specifications for the various fence types submitted by the participating manufacturers. Individuals routinely damage fence in an effort to enter the country between official ports of entry. Disclosure of the design specifications and the conditions under which fencing was tested could assist individuals in effecting countermeasures in order to avoid detection or circumvent the law. |
| 0124 – BW FOIA | Briefing Slides: Overview of CBP Fence (November 18, 2016) | (b)(5) (b)(7)(E) | Information is redacted pursuant to (b)(5) and (b)(7)(E), as this pre-decisional document was prepared by CBP's OFAM to provide USBP leadership and overview of CBP's current tactical infrastructure assets and proposals for the placement of new fence along both the northern |

39

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
*U.S. Customs and Border Protection's Vaughn Index*

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | and southern borders, inclusive of maps.  Exemption (b)(5) was also applied to information previously provided by OCC concerning relevant legal considerations related to fence construction, which is protected by the attorney-client privilege.  Public disclosure of the redacted information could affect the agency's decision-making process, reveal law enforcement sensitive information that may assist individuals in the affected areas of responsibility in avoiding detection and circumventing the law, and undermine the attorney-client relationship. |
| 0126 – BW FOIA | CBP Response to Presidential Transition Team Request for Information ("RFI") | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it identifies agency needs for border security enforcement.  Disclosure of the agency's operational requirements could assist individuals in effecting countermeasures in order to circumvent the law. |
| 0127 – BW FOIA | CBP Response to Presidential Transition Team Tasking Regarding USBP's Operational Needs Related to Fence, Tactical Infrastructure, or Technology | (b)(6) (b)(7)(C) (b)(7)(E) | The name of a CBP employee is redacted pursuant to (b)(6) and (b)(7)(C), as its release would constitute an unwarranted invasion of privacy.  The information does not shed light on CBP's actions, and no public interest is served by its disclosure.  Information is redacted pursuant to (b)(7)(E), as the information relates to a Presidential Transition Team request for information seeking documents related to USBP's concept of operations and operations needs related to fence, tactical infrastructure, or technology and the factors which contribute to USBP's determination as to the placement of border fence.  The redacted material includes information regarding its historical and current approaches to requirements development and the policy documents it utilizes in this process.  Disclosure of such information would reveal law enforcement techniques and procedures in approaching border enforcement. |
| 0128 – BW FOIA | CBP Response to Presidential Transition Team Tasking Regarding Why and | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it describes the factors which contribute to CBP's determinations as to the type of fence to use and the location to place it.  Disclosure of this information would reveal the considerations that go into USBP's decision to deploy |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
**U.S. Customs and Border Protection's *Vaughn* Index**

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | How the Type and Placement of Fence Is Determined | | tactical infrastructure, which could assist individuals in effecting countermeasures in order to circumvent to the law. |
| 0129 – BW FOIA | CBP Response to Presidential Transition Team Tasking Regarding Maintenance and Repair Needs for the Southwest Border | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it describes the time frame within which CBP endeavors to repair damaged fence and the time frame within which CBP generally accomplishes repairs. The document also describes the typical man-made causes of damage to fencing. Disclosure of such information could assist individuals in avoiding detection or suggest countermeasures they could employ in order to breach fence infrastructure, thereby enabling them to circumvent the law. |
| 0130 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0131 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0132 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0133 – BW FOIA | CBP Response to Presidential Transition Team Tasking | (b)(7)(E) | Information is redacted pursuant to (b)(7)(E), as it describes the design specifications and parameters used in connection with the CBP Fence Lab Project, under which CBP tested, evaluated, and selected border |

41

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | Regarding Fence Lab Requirements and Specifications Development | | fence solutions to meet the agency's requirements. The document also specifies the name and location and the testing facility. Individuals frequently damage fence in an effort to enter the country between official ports of entry. Disclosure of the performance parameters CBP used in testing fencing could assist individuals in effecting countermeasures in order to circumvent the law. |
| 0134 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |
| 0135 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(E) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information is redacted pursuant to (b)(7)(E) as it relates to a Presidential Transition Team request for information naming CBP immigration enforcement missions and identifies, in one instance, the operational changes associated with the specified mission. Disclosure of such information could reasonably be law enforcement procedures or techniques that could assist individuals in circumventing the law. |
| 0136 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(E) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure.<br><br>Information is redacted pursuant to (b)(7)(E) as it relates to a Presidential Transition Team request for information naming CBP |

*Center for Biological Diversity v. U.S. Army Corps of Engineers and U.S. Customs and Border Protection, Civil Action No. 14-1037 (EGS)*
U.S. Customs and Border Protection's *Vaughn* Index

| DOCUMENT BATES NUMBER | DOCUMENT DESCRIPTION | EXEMPTION(S) CLAIMED | BASIS FOR EXEMPTION |
|---|---|---|---|
| | | | immigration enforcement missions and identifies, in one instance, the operational changes associated with the specified mission. Disclosure of such information could reasonably be law enforcement procedures or techniques that could assist individuals in circumventing the law. |
| 0137 – BW FOIA | Email re: Presidential Transition Team Tasking | (b)(6) (b)(7)(C) | The names, email addresses, and phone numbers of CBP employees have been redacted pursuant to (b)(6) and (b)(7)(C), as the release of such information would constitute an unwarranted invasion of privacy. Release of this information would not shed light on CBP's actions and there is no public interest served its disclosure. |

43

# EXHIBIT B

| | |
|---|---|
| **From:** | Margaret Townsend |
| **To:** | FOIA; foia@biologicaldiversity.org |
| **Cc:** | Brian Segee |
| **Subject:** | Center for Biological Diversity FOIA Request re: U.S. Border Walls |
| **Date:** | Wednesday, January 25, 2017 12:50:36 PM |

*VIA ELECTRONIC MAIL*

Jonathan Cantor
Acting Chief Privacy Officer/Chief FOIA Officer
The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington, D.C. 20528-0655
foia@dhs.gov

Re:     Freedom of Information Act Request:  U.S. Border Walls

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), from the Center for Biological Diversity ("Center"), a non-profit organization that works to secure a future for all species hovering on the brink of extinction through science, law, and creative media, and to fulfill the continuing educational goals of its membership and the general public in the process.

REQUESTED RECORDS

The Center requests all records from the U.S. Department of Homeland Security ("DHS") that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S.-Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives.

For this request, the term "all records" refers to, but is not limited to, any and all documents, correspondence (including, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals outside the federal government), emails, letters, notes, telephone records, telephone notes, minutes, memoranda, comments, files, presentations, consultations, biological opinions, assessments, evaluations, schedules, telephone logs, papers published and/or unpublished, reports, studies, photographs and other images, data (including raw data, GPS or GIS data, UTM, LiDAR, etc.), maps, and/or all other responsive records, in draft or final form.

This request is not meant to exclude any other records that, although not specially requested, are reasonably related to the subject matter of this request.  If you or your office have destroyed or determine to withhold any records that could be reasonably construed to be responsive to this request, I ask that you indicate this fact and the reasons therefore in your response.

Under the FOIA Improvement Act of 2016, agencies are prohibited from denying requests for information under FOIA unless the agency reasonably believes release of the information will harm an interest that is protected by the exemption.  FOIA Improvement Act of 2016 (Public Law No. 114-185), codified at 5 U.S.C. § 552(a)(8)(A).

Should you decide to invoke a FOIA exemption, please include sufficient information for us to assess the basis for the exemption, including any interest(s) that would be harmed by release.  Please include a detailed ledger which includes:

1.      Basic factual material about each withheld record, including the originator, date, length, general subject matter, and location of each item; and

2.      Complete explanations and justifications for the withholding, including the  specific exemption(s) under which the record (or portion thereof) was withheld and a full explanation of how each exemption applies to the withheld material.  Such statements will be helpful in deciding whether to appeal an adverse determination. Your written justification may help to avoid litigation.

In addition, if you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and mail the non-exempt portions of such records to my attention at the address below within the statutory time limit.  5 U.S.C. § 552(b).

The Center is willing to receive records on a rolling basis.

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in a readily-accessible electronic format and in the format requested.  *See, e.g.*, 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.").  "Readily-accessible" means text-searchable and OCR-formatted.  *See* 5 U.S.C. § 552(a)(3)(B). Please provide all records in a readily-accessible, electronic .pdf format.  Additionally, please provide the records either in (1) load-ready format with a CSV file index or excel spreadsheet, or if that is not possible; (2) in .pdf format, without any "profiles" or "embedded files."  Profiles and embedded files within files are not readily-accessible.  *Please do not provide the records in a single, or "batched," .pdf file.* We appreciate the inclusion of an index.

If you should seek to withhold or redact any responsive records, we request that you: (1) identify each such record with specificity (including date, author, recipient, and parties copied); (2) explain in full the basis for withholding responsive material; and (3) provide all segregable portions of the records for which you claim a specific exemption.  5 U.S.C. § 552(b).  Please correlate any redactions with specific exemptions under FOIA.

## REQUEST FOR FEE WAIVER

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). FOIA's fee waiver requirement is "liberally construed." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003); *Forest Guardians v. U.S. Dept. of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005).

The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as the Center access to government records without the payment of fees. Indeed, FOIA's fee waiver provision was intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and *non-profit public interest groups.*" *Ettlinger v. FBI*, 596 F.Supp. 867, 872 (D. Mass. 1984) (emphasis added). As one Senator stated, "[a]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information ... ." 132 Cong. Rec. S. 14298 (statement of Senator Leahy).

I.    The Center Qualifies for a Fee Waiver.

Under FOIA, a party is entitled to a fee waiver when "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the [Federal] government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). DHS's regulations at 6 C.F.R. § 5.11(k)(i) – (ii) establish the same standard.

Thus, DHS must consider four factors to determine whether a request is in the public interest: (1) whether the subject of the requested records concerns "identifiable operations or activities of the federal government," (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) whether the disclosure will "contribute to the understanding of a reasonably broad audience of persons interested in the subject," and (4) whether the disclosure is likely to enhance the public's understanding of the government operations and activities "to a significant extent." 6 C.F.R. § 5.11(k)(2)(i) – (iv). As shown below, the Center meets each of these factors.

A.    The Subject of This Request Concerns "The Operations and Activities of the Government."

The subject matter of this request concerns the operations and activities of DHS. This request asks for all records from the DHS that reference walls, barriers, and/or other physical constructions along the U.S.-Mexico border and/or U.S.-Canada border, for purposes of the Presidential transition process, created for and/or provided to brief members of the Presidential Transition Team and/or their representatives.

This FOIA will provide the Center and the public with crucial insight into the information provided by federal agencies to the Trump transition team, including specific insight into how the primary agencies with jurisdiction over border wall construction are responding to Trump's promise to build a continuous border wall. For example, a January 13, 2017 CNN story states that DHS started discussions about border wall construction immediately after the election, including identification of specific construction and other priority areas. CNN, "Trump Team Discussing Border Wall With Army Corps, Interior Department" (Jan. 13, 2017). Although there are laws that would apply to such construction, existing legislation (REAL ID Act and Secure Fence Act) delegates the DHS Secretary with authority to waive such laws in order to speed construction. It is clear that advising the President-elect about environmental laws and other constraints relative to any potential border wall or walls are specific and identifiable activities of the government, in this case the DHS. *Judicial Watch*, 326 F.3d at 1313 ("[R]easonable specificity is all that FOIA requires with regard to this factor") (internal quotations omitted). Thus, the Center meets this factor.

B. Disclosure is "Likely to Contribute" to an Understanding of Government Operations or Activities.

The requested records are meaningfully informative about government operations or activities and will contribute to an increased understanding of those operations and activities by the public.

Disclosure of the requested records will allow the Center to convey to the public information about how federal agencies approach border security and the border wall in particular. Once the information is made available, the Center will analyze it and present it to its 1.1 million members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of the information provided by the DHS to the Trump transition team, including specific insight into how the primary agencies with jurisdiction over border wall construction are responding to Trump's promise to build a continuous border wall.

Thus, the requested records are likely to contribute to an understanding of DHS operations and activities.

C. Disclosure of the Requested Records Will Contribute to a Reasonably-Broad Audience of Interested Persons' Understanding of How the DHS Analyzes New Border Projects and Briefs the Presidential Transition Team.

The requested records will contribute to public understanding of how DHS briefs the Trump transition team about new projects, specifically any potential U.S. border walls, and whether the agency's actions are consistent with the laws that would apply to such construction, or would require waivers or exemptions under existing legislation (i.e., REAL ID Act and Secure Fence Act). The information provided by the DHS to the Trump transition team, including specific insight into how the primary agencies with jurisdiction over border wall construction are responding to Trump's promise to build a continuous border wall, are areas of interest to a reasonably-broad segment of the public. The Center will use the information it obtains from the disclosed records to educate the public at large about how federal agencies are planning to approach border wall construction and

the border wall in particular. *See W. Watersheds Proj. v. Brown*, 318 F.Supp.2d 1036, 1040 (D. Idaho 2004) ("... find[ing] that WWP adequately specified the public interest to be served, that is, educating the public about the ecological conditions of the land managed by the BLM and also how ... management strategies employed by the BLM may adversely affect the environment.").

Through the Center's synthesis and dissemination (by means discussed in Section II, below), disclosure of information contained and gleaned from the requested records will contribute to a broad audience of persons who are interested in the subject matter. *Ettlinger v. FBI*, 596 F.Supp. at 876 (benefit to a population group of some size distinct from the requester alone is sufficient); *Carney v. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994), *cert. denied*, 513 U.S. 823 (1994) (applying "public" to require a sufficient "breadth of benefit" beyond the requester's own interests); *Cmty. Legal Servs. v. Dep't of Hous. & Urban Dev.*, 405 F.Supp.2d 553, 557 (E.D. Pa. 2005) (in granting fee waiver to community legal group, court noted that while the requester's "work by its nature is unlikely to reach a very general audience," "there is a segment of the public that is interested in its work").

Indeed, the public does not currently have an ability to easily evaluate the requested records, which concern how federal agencies are planning to approach border wall construction and the border wall in particular that are not currently in the public domain. *See Cmty. Legal Servs. v. HUD*, 405 F.Supp.2d 553, 560 (D. Pa. 2005) (because requested documents "clarify important facts" about agency policy, "the CLS request would likely shed light on information that is new to the interested public."). As the Ninth Circuit observed in *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1286 (9th Cir. 1987), "[FOIA] legislative history suggests that information [has more potential to contribute to public understanding] to the degree that the information is new and supports public oversight of agency operations... ."[1]

Disclosure of these records is not only "likely to contribute," but is certain to contribute, to public understanding of the information provided by the DHS to the Trump transition team, including specific insight into how the primary agencies with jurisdiction over border wall construction are responding to Trump's promise to build a continuous border wall. The public is always well served when it knows how the government conducts its activities, particularly matters touching on legal questions. Hence, there can be no dispute that disclosure of the requested records to the public will educate the public about how federal agencies evaluate the potential border security construction and the border wall in particular.

D. Disclosure is Likely to Contribute Significantly to Public Understanding of Government Operations or Activities.

The Center is not requesting these records merely for their intrinsic informational value. Disclosure of the requested records will significantly enhance the public's understanding of the information provided by the DHS to the Trump transition team, including specific insight into how the primary agencies with jurisdiction over border wall construction are responding to Trump's promise to build a continuous border wall, as compared to the level of public understanding that exists prior to the disclosure. Indeed, public understanding will be *significantly* increased as a result of disclosure because the requested records will help reveal more about how federal agencies evaluate the

potential border wall construction and the border wall in particular.  Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA.  Thus, the Center meets this factor as well.

II.       The Center has a Demonstrated Ability to Disseminate the Requested Information Broadly.

The Center is a non-profit organization that informs, educates, and counsels the public regarding environmental issues, policies, and laws relating to environmental issues.  The Center has been substantially involved in the activities of numerous government agencies for over 25 years, and has consistently displayed its ability to disseminate information granted to it through FOIA.

In consistently granting the Center's fee-waivers, agencies have recognized: (1) that the information requested by the Center contributes significantly to the public's understanding of the government's operations or activities; (2) that the information enhances the public's understanding to a greater degree than currently exists; (3) that the Center possesses the expertise to explain the requested information to the public; (4) that the Center possesses the ability to disseminate the requested information to the general public; (5) and that the news media recognizes the Center as an established expert in the field of imperiled species, biodiversity, and impacts on protected species. The Center's track record of active participation in oversight of governmental activities and decisionmaking, and its consistent contribution to the public's understanding of those activities as compared to the level of public understanding prior to disclosure are well established.

The Center intends to use the records requested here similarly.  The Center's work appears in more than 2,000 news stories online and in print, radio and TV per month, including regular reporting in such important outlets as *The New York Times*, *Washington Post*, and *Los Angeles Times*.  Many media outlets have reported on potential U.S. border walls, utilizing information obtained by the Center from federal agencies including DHS.  In 2016, more than 2 million people visited the Center's extensive website, viewing a total of more than 5.2 million pages.  The Center sends out more than 350 email newsletters and action alerts per year to more than 1.1 million members and supporters. Three times a year, the Center sends printed newsletters to more than 50,000 members.  More than 166,900 people have "liked" the Center on Facebook, and there are regular postings regarding plans of the Trump transition and how a possible U.S.-Mexico border wall could restrict endangered species movements and habitat.  The Center also regularly tweets to more than 47,000 followers on Twitter.  The Center intends to use these far-reaching media outlets to share with the public information obtained as a result of this request.

Public oversight and enhanced understanding of DHS's duties is absolutely necessary.  In determining whether disclosure of requested information will contribute significantly to public understanding, a guiding test is whether the requester will disseminate the information to a reasonably-broad audience of persons interested in the subject. *Carney v U.S. Dept. of Justice*, 19 F.3d 807 (2nd Cir. 1994).  The Center need not show how it intends to distribute the information, because "[n]othing in FOIA, the [agency] regulation, or our case law require[s] such pointless specificity." *Judicial Watch*, 326 F.3d at 1314.  It is sufficient for the Center to show how it distributes information to the public generally. *Id.*

III.    Obtaining the Requested Records is of No Commercial Interest to the Center.

Access to government records, disclosure forms, and similar materials through FOIA requests is essential to the Center's role of educating the general public.  Founded in 1994, the Center is a 501(c)(3) nonprofit conservation organization (EIN: 27-3943866) with more than 1.1 million members and online activists dedicated to the protection of endangered and threatened species and wild places.  The Center has no commercial interest and will realize no commercial benefit from the release of the requested records.

IV.    Conclusion

For all of the foregoing reasons, the Center qualifies for a full fee-waiver.  We hope that DHS will immediately grant this fee waiver request and begin to search and disclose the requested records without any unnecessary delays.

If you have any questions, please contact me at (971) 717-6409 or foia@biologicaldiversity.org.  All records and any related correspondence should be sent to my attention at the address below.

Sincerely,

Margaret E. Townsend
Open Government Staff Attorney
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211-0374
foia@biologicaldiversity.org

**From:** FOIA [mailto:FOIA@HQ.DHS.GOV]
**Sent:** Wednesday, January 25, 2017 7:53 AM
**To:** 'foia@biologicaldiversity.org'
**Cc:** Brian Segee
**Subject:** RE: Center for Biological Diversity FOIA Request re: U.S. Border Walls

Good morning,

Thank you for contacting the Department of Homeland Security's Privacy Office.  ***Please be advised that we do not open attachments for security purposes. Please resubmit your request with attachment in the body of email, via fax or USPS.***

This office is responsible for administering policies, programs, and procedures to ensure that the Department complies with the Freedom of Information Act (FOIA) and the Privacy Act (PA), 5 U.S.C. 552 and 5 U.S.C. 552a, respectively. For more information about the DHS Privacy Office, please click

here: https://www.dhs.gov/topic/privacy.

This email account exists to facilitate FOIA requests that are properly made in accordance with the DHS FOIA regulations.  While PA requests may be sent via e-mail, no work will be done nor access provided to records until we receive either a notarized request or a signed statement made under 28 U.S.C. 1746.  If you have questions regarding what constitutes a properly made request, please refer to the regulations found at: http://www.dhs.gov/xlibrary/assets/FOIA_FedReg_Notice.pdf.

If your request is a properly made request, and you do not receive an acknowledgement letter within 15 business days, please send a follow-up email or call our office at 1-866-431-0486.  Please have the date and time you sent your email so that we may quickly reference it.

If your request is not a properly made request, this is the only response you will receive from us. You may wish to consult one of the references below:

General FOIA Information

How to file a FOIA request -- http://www.dhs.gov/xfoia/editorial_0316.shtm

Frequently requested records -- http://www.dhs.gov/xfoia/editorial_0424.shtm

FOIA Contacts -- http://www.dhs.gov/xfoia/Copy_of_editorial_0318.shtm

Citizenship and Benefits Information

If you are seeking information or records pertaining to citizenship or immigration benefits, you should contact one of the following offices or programs within U.S. Citizenship and Immigration Services (USCIS):

--Immigration Case Status:

To check your immigration case status, visit www.uscis.gov and enter your immigration case number.  You may also contact the USCIS National Customer Service Center at 1-800-375-5283.

--Replacement Documents:

If you are simply trying to obtain a replacement copy of your naturalization certificate, the most efficient way to do so is to contact your local USCIS service center.  To obtain the necessary forms and a list of service centers, visit www.uscis.gov.

Identity Theft

If you are a victim of a telephone scam and paid money or gave your credit card account numbers, or any other financial information, to someone claiming to collect required taxes or duty on lottery winnings, you should contact Project Phone Busters at 1-888-495-8501 or www.phonebusters.com.

If you are a victim of identity theft, you can call the Federal Trade Commission's Identity Theft Hotline at 1-877-438-4338 or report it http://www.ftc.gov/bcp/edu/microsites/idtheft/ online.  If you believe someone is using your social security number, you can report it to the Social Security Administration Fraud Hotline at 1-800-269-0271.


DHS Equal Employment Opportunity (EEO) Program

If you have a question or need assistance with an EEO case, please call the EEO Customer service line at (202) 254-8250, or email at statusFA@hq.dhs.gov.

Complaints

To file a complaint against employees and/or officials of the Department of Homeland Security with the Office for Civil Rights and Civil Liberties, follow this link: https://www.dhs.gov/compliance-branch CRCL Compliance Branch.

To file a complaint with the Department of Homeland Security Office of Inspector General, follow this link: https://www.dhs.gov/office-inspector-general-foia-requests.


Reporting Suspicious Activity

To Report Incidents: https://www.dhs.gov/how-do-i/report-suspicious-activity

DHS Main Operator:  (202) 282-8000

DHS Tip Lines:

1-866-DHS-2ICE -- Illegal immigration or related activities that are under the purview of U.S. Immigration & Customs Enforcement (ICE)

1-877-9TUNNEL -- Information concerning underground passageways along the U.S./Mexican border

1-800-BE-ALERT -- Suspicious activity regarding customs or border issues that are under the purview of U.S. Customs and Border Protection (CBP)

1-800-THE-LOST -- Tips regarding exploited children or online predators, which fall under the purview of the National Center for Missing and Exploited Children (also alert local law enforcement)

1-866-720-5721 -- Cases of fraud involving the Federal Emergency Management Agency (FEMA)

DHS TRIP Program

The Department of Homeland Security's Travel Redress Inquiry Program (DHS TRIP) is a single point of contact for individuals who have inquiries or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs--like airports and train stations--or crossing U.S. borders, including: 1) denied or delayed airline boarding; 2) denied or delayed entry into and exit from the U.S. at a port of entry or border checkpoint; or 3) continuously referred to additional (secondary) screening.  Individuals seeking to file an inquiry to have erroneous information corrected in DHS systems should contact DHS TRIP at trip@dhs.gov or visit www.dhs.gov/trip.

If you are requesting records pertaining to difficulties experienced during travel, we recommend consulting the DHS TRIP program first, as an alternative to filing a FOIA request, and if you are still interested in pursuing the request via the FOIA, submit the request directly to the component that would most likely have the records (CBP or TSA depending on the travel situation).

For further information, please visit www.dhs.gov/trip.

Regards,

The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington, D.C. 20528-0655
Phone: 202-343-1743 or 866-431-0486
Fax: 202-343-4011
E-mail: foia@hq.dhs.gov
Visit our  FOIA website

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.  Thank you.

**From:** Margaret Townsend [mailto:mtownsend@biologicaldiversity.org] **On Behalf Of** foia@biologicaldiversity.org
**Sent:** Tuesday, January 24, 2017 1:21 PM
**To:** FOIA <FOIA@HQ.DHS.GOV>

**Cc:** foia@biologicaldiversity.org; Brian Segee <BSegee@biologicaldiversity.org>
**Subject:** Center for Biological Diversity FOIA Request re: U.S. Border Walls

Dear FOIA Officer,

Please find the attached FOIA request from the Center for Biological Diversity ("Center"). We would appreciate the DHS's acknowledgement of receipt of this FOIA request.

If you have any questions, please feel free to contact me. We look forward to your response.

Thank you,
Margaret

Margaret E. Townsend
Open Government Staff Attorney | Endangered Species Program
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
Office: (971) 717-6409
Fax: (503) 283-5528
mtownsend@biologicaldiversity.org

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

[1] It is immaterial whether any portion of the Center's request may currently be in the public domain because the Center requests considerably more than any piece of information that may currently be available to other individuals. *See Judicial Watch*, 326 F.3d at 1315.