UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>U.S. ARMY CORPS OF ENGINEERS and<br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendants. | Civil Action No. 17-1037 (EGS) |

## DECLARATION OF PATRICK HOWARD

I, Patrick Howard, declare as follows:

1. I am a Branch Chief within the Freedom of Information Act ("FOIA") Division ("FOIA Division") at U.S. Customs and Border Protection ("CBP"), U.S. Department of Homeland Security ("DHS"). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists ("GIS"), the processing of requests for records submitted to CBP pursuant to the FOIA, 5 U.S.C. § 552, the Privacy Act ("PA"), 5 U.S.C. § 552a, and other activities conducted pursuant to applicable records access provisions.

2. I am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision and direction to a group of FOIA specialists in processing FOIA requests and assist with FOIA/PA litigation matters, and I am personally familiar with the processing of FOIA/PA responses, including, at times, by directly reviewing for adequacy and compliance with federal laws and regulations.

3. The statements in this Declaration are made on the bases of: (1) my review of the documents I understand are at issue in the above-referenced matter; (2) my personal knowledge

of the internal operations of this office and agency; and (3) information acquired by me in the course of the performance of my official duties.

4. I am familiar with the procedures followed by CBP in responding to requests for information pursuant to the provisions of FOIA, and with the procedures followed in responding to the request made by the Center for Biological Diversity ("Plaintiff"), the Plaintiff in the above-captioned matter.

5. I submit this Declaration in support of CBP's summary judgment opposition and reply. The purpose of this Declaration is to supplement explanations and responses provided in my Declaration submitted with Defendants' motion for summary judgment and to explain the actions CBP will take with respect to information in light of Plaintiff's challenges to CBP's withholding of certain records.

6. Plaintiff challenges the withholding of The Boeing Company's ("Boeing's") unit cost and total price information in Bates-numbered documents 0061-BW FOIA, 0062-BW FOIA, and 0063-BW FOIA withheld pursuant to exemption (b)(4). Upon further review, it was determined that exemption (b)(4) is inapplicable. Furthermore, the redacted information is publicly available on the Federal Procurement Data System – Next Generation website, available at https://www.fpds.gov, by searching the contract number. Accordingly, CBP intends to release to Plaintiff the information in these documents previously withheld pursuant to exemption (b)(4).

7. Plaintiff challenges the withholding of information pursuant to exemption (b)(5). Information withheld pursuant to this exemption relates to CBP's analysis of operational requirements with respect to border security infrastructure and security. For example, on information and belief, the redacted information in the document Bates-numbered document 0032-BW FOIA was prepared to explain to the Office of Management and Budget ("OMB") the

status of CBP's development of a new southwest border technology plan and laydowns (or, technology roadmap). The brief explains the attributes of emerging capability gaps and requirements, the requirements management process, and CBP's progress toward developing the required technology roadmap, which had not yet been finalized or approved. As another example, on information and belief, the information in the documents Bates-numbered 0073-BW FOIA, 0077-BW FOIA, 0122-BW FOIA, and 00124-BW FOIA was prepared by the then-Office of Technology Innovation and Acquisition ("OTIA") and U.S. Border Patrol ("USBP")'s Law Enforcement Operations Directorate to brief then-Acting Commissioner Kevin McAleenan on the state of the border fence and operational needs for proposed new and replacement fence.

8. Plaintiff challenges the withholding of the names of lower-level, civilian CBP employees and those of third-party, non-CBP individuals pursuant to exemption (b)(6). The redacted documents largely consist of internal agency emails among CBP offices coordinating the collection of records in response to specific requests from the Presidential Transition Team. These communications did not involve agency decision-making or instructions from the individuals' superiors other than direction to provide the requested information. While information concerning federal employees' names, titles, grades, and salaries is generally publicly available, the names of lower-level CBP employees were redacted consistent with Department Homeland Security ("DHS") guidance concerning the protection of personal information in light of the increase in general threats against DHS employees stemming from the Government's actions surrounding immigration. Similarly, the names of third-party, non-CBP employees were redacted from documents such as studies and analyses, as these individuals played no role in the agency's decision-making process other than to perform the studies and analyses requested. Given the current environment surrounding immigration, and the

individuals' lack of authority to direct CBP's actions, it was determined that the release of this information would constitute an unwarranted invasion of privacy. In contrast, where the documents identify higher ranking CBP officials, the names were not withheld, as the information bears more closely on the agency's actions with respect to the matter central to Plaintiff's request.

9. Plaintiff challenges the withholding of information pursuant to exemption (b)(7)(E) because it claims the records are unrelated to law enforcement purposes or any technique or procedure for law enforcement investigations or prosecutions. CBP is a law enforcement agency whose principal mission is to secure the nation's borders to facilitate legitimate travel and trade. The agency accomplishes this mission through the use of tactical infrastructure and surveillance technology located on and near the northern and southern U.S. borders. As detailed in the agency's *Vaughn* index, the information withheld relates to existing and proposed tactical infrastructure in specific USBP sectors used to prevent or detect the illegal entry of people and illicit items into the U.S. Although certain maps, images, and other information regarding current and proposed infrastructure are publicly available (such as the interactive map noted by Plaintiff), that information, unlike the records at issue, does not include more granular information identifying the specific USBP sectors, design specifications, or operational assumptions about and conditions under which the infrastructure or technology is tested in assessing the agency's needs. Such information is not generally known to the public, and its disclosure would reveal the agency's approaches to, or techniques utilized in, effecting its border security mission, which can reasonably be expected to assist individuals in avoiding detection or implementing countermeasures to circumvent federal law. Where such information was contained in records prepared for law enforcement purposes, it was determined that

exemption (b)(7)(E) applied.  For the same reasons, to the extent the information was detailed in other records not directly related to law enforcement (such as environmental assessments), it was determined that exemption (b)(7)(E) applied.

10.     Upon further review, it was determined that, in certain instances, exemption (b)(7)(E) was not properly applied.  For example, in the documents Bates-numbered 0021-BW FOIA, 0022-BW FOIA, 0023-BW FOIA, 0024-BW FOIA, and 0049-BW FOIA, CBP mistakenly applied exemption (b)(7)(E) to certain images and/or the titles of previously conducted environmental studies contained in the documents.  Accordingly, CBP intends to release to Plaintiff those portions of the documents containing the images and titles previously withheld.

11.     I declare under penalty of perjury that the information provided is true and correct to the best of my knowledge, information, and belief.

Signed this 14th day of December 2018.

_Patrick A. Howard_
Patrick Howard
Branch Chief, FOIA Division
Office of the Commissioner
U.S. Customs and Border Protection
U.S. Department of Homeland Security